## LOWER KING'S RIVER WATER DITCH CO. *v.* KING'S RIVER AND FRESNO CANAL CO.

*(Supreme Court of California, April, 1882—Appeal from Tulare County.)*

ACTION—VENUE—DITCH.   Action commenced in Tulare county.   The acts complained of were, preventing water from flowing from King's river in plaintiff's ditch; the ditch is located partly in the counties of Fresno and Tulare; *Held*, the subject of the action is in both counties, and the action might have been brought in either.

SAME—SAME.   The specific act complained of, viz:   The diverting of the water, occurred in Fresno county, at the head of defendant's ditch, and not at all upon plaintiff's ditch; but *Held*, the consequences of that act operated upon the whole of plaintiff's ditch, and was injurious as well to that part of it in Tulare county as to that in Fresno county.   In no sense can the injury be said to be confined to that part of the ditch in Fresno county.

60

The ditch is an entirety, and the right to have water flow in it is co-extensive with the plaintiff's right to the ditch itself.

WATERCOURSE—REAL PROPERTY—APPURTENANCE. A watercourse is real property, and the right to have water flow in it is incidental and appurtenant thereto.

WATER—DITCH. Conceded that plaintiff does not own the *corpus* of the water until it shall enter its ditch, yet the right to have it flow into the ditch appertains to the ditch.

SAME—HEREDITAMENT. The right of plaintiff, the owner of the watercourse, to have the water flow in King's river, is an incorporeal hereditament appertaining to its watercourse.

MYRICK, J., delivered the opinion of the Court:

This is an appeal from an order denying defendant's motion for change of venue. The motion was based on the ground that the action was not brought in the proper county, and was resisted on the ground that the action was brought in the proper county, and that it should be retained for the convenience of witnesses. The action was commenced in Tulare county, and the defendant, a corporation, has its principal and only place of business in Fresno county.

The plaintiff in its complaint alleges that it is and has been ever since October, 1873, the owner of a certain ditch used in conveying water from King's river and selling the same for agricultural purposes, and of the right to divert and carry water through the same; and that in 1875 defendant constructed a ditch above the mouth of plaintiff's ditch, and diverted from said river nearly all the water flowing therein, to the damage of plaintiff and its water right.

It appears from the affidavits in the case, that the points of diversion of the water from the river by both plaintiff and defendant are in Fresno county, and that plaintiff's ditch is about twenty miles in length, about eighteen miles thereof being in Tulare county, the remainder in Fresno county, and that the damage sustained by plaintiff by reason of acts of defendant, has been sustained by plaintiff and committed by defendant upon property wholly within Tulare county.

The Court below denied the motion, but upon what ground the denial was based, does not appear. We think the order denying the motion was correct, upon the ground that the action was properly brought in Tulare county. (C. C. P., 392). Watercourses are either natural or artificial. Plaintiff's ditch was an

artificial watercourse. "A watercourse consists of bed, banks and water." (Angell on Watercourses, Sec. 4). The right of plaintiff, as stated in its complaint, to have the water flow in the river to the head of its ditch, is an incorporeal hereditament, appertaining to its watercourse. Granting that plaintiff does not own the *corpus* of the water until it shall enter its ditch, yet the right to have it flow into the ditch appertains to the ditch. Real property consists of land, that which is affixed to land, and that which is incidental or appurtenant to land. (Civil Code, Sec. 658). If the watercourse, consisting of the bed and banks of the trench, and of the water therein, be real property, the right to have water flow to it is incidental and appurtenant thereto.

The acts complained of are, preventing water from flowing in plaintiff's ditch; the ditch is located in both counties; therefore the subject of the action is in both counties, and the action might have been brought in either. It is true that the specific act complained of, viz: The diverting of the water, occurred in Fresno county, at the head of defendant's ditch, and not at all upon plaintiff's ditch; but the consequences of that act operated upon the whole of plaintiff's ditch, and was injurious as well to that part of it in Tulare county as to that in Fresno county. In no sense can the injury be said to be confined to that part of the ditch in Fresno county. The ditch is an entirety, and the right to have water flow in it is co-extensive with plaintiff's right to the ditch itself. Such is the case as now presented to us.

Upon the other point, viz: Retaining the case for convenience of witnesses, we express no opinion. *Order affirmed.*