[Sac. No. 636.   Department One.—July 20, 1900.]

## LAST CHANCE WATER DITCH COMPANY, Respondent, v. EMIGRANT DITCH COMPANY, Appellant.

VENUE OF ACTION—DIVERSION OF WATER—DITCH IN TWO COUNTIES—INJURY TO REAL PROPERTY—INJUNCTION.—The right of the owner of a ditch situated in two counties to have water flow therein is coextensive with its right to the ditch; and a diversion of water therefrom in one of the counties is an injury to the real property of the owner in the other county.   An action to enjoin such diversion is properly brought in either county.

ID.—CHANGE OF PLACE OF TRIAL—PLACE OF BUSINESS OF CORPORATION DEFENDANT — DIVERSION IN ANOTHER COUNTY.—The fact that the defendant in an action to enjoin the diversion of water from a ditch situated partly within the county of the venue is a corporation having its principal place of business in another county, in which the ditch is also situated, and that it diverted and used the water in that county, cannot entitle the defendant to a change of the place of trial of the action to that county.

ID.—PLEADING—AVERMENT OF DAMAGE UNNECESSARY.—In an action to enjoin the diversion of water from plaintiff's ditch, it is not necessary to aver that plaintiff has already sustained any damage, nor to state the amount thereof.

APPEAL from an order of the Superior Court of Kings County refusing to change the place of trial.   Dixon L. Phillips, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, and Stanton L. Carter, for Appellant.

Bradley & Farnsworth, Rownen Irwin, and Short & Irwin, for Respondents.

HARRISON, J.—Appeal from an order denying a motion to change the place of trial.   Plaintiff is the proprietor of a water ditch, situate partly in Fresno county and partly in Kings

county, through and by means of which it takes and supplies to its stockholders water which it has appropriated from Kings river for the irrigation of their lands situated along the line of the ditch. In 1894 the defendant constructed a canal known as the Fowler Switch canal, about thirty-two miles above the head of the plaintiff's ditch, through which it diverted a certain quantity of water from Kings river, and afterward constructed a dam in the channel of the river just below the head of said canal, by means of which it has, since April, 1898, diverted all the water flowing in the channel of the river at the head of the canal, and prevented the water from entering the plaintiff's ditch, and thereby deprived it of the waters of the river to which it is entitled and threatens to continue such diversion of the water. The plaintiff brought this action in the county of Kings to enjoin the defendant from thus interfering with the natural flow of the water. The defendant has its office and principal place of business in the county of Fresno, and the point at which the defendant constructed the dam and diverted the water from Kings river is also within the county of Fresno, and the water diverted by defendant was used for irrigating lands within the county of Fresno. Upon an affidavit setting forth these facts the defendant moved the court to have the action transferred for trial to the county of Fresno. The motion was denied, and the defendant has appealed.

The case falls directly within the principles declared in *Lower Kings etc. Ditch Co. v. Kings River etc. Canal Co.*, 60 Cal. 408, in which it was held that the plaintiff's right to have water flow in the ditch is coextensive with its right to the ditch, and that, although the act of diverting the water was committed in Fresno county, it was an injury to that portion of its ditch which was in Tulare county, and that the action was properly brought in the latter county. In *Drinkhouse v. Spring Valley Water Works*, 80 Cal. 308, it was held that a suit for an injunction to restrain the defendant from building a dam which, when completed, would permanently flood the plaintiff's land was a suit for an injury to real property, and under section 392 of the Code of Civil Procedure the county in which was situated the property that would be injured was the proper place for its trial, even though the action did not seek for damages. The right of

the plaintiff to maintain the action without averring that it had already sustained any damage, or the amount thereof, is clear. (*Moore v. Clear Lake Water Works*, 68 Cal. 146.)

The order is affirmed.

Van Dyke, J., and Garoutte, J., concurred.