[Civ. No. 1114. Third Appellate District.—July 29, 1913.]

## YOLO COUNTY CONSOLIDATED WATER COMPANY (a Corporation), Appellant, v. J. M. ADAMSON et al., Respondents.

Venue—Motion for Change—Averments of Complaint Taken as True.—The averments of the complaint must be taken as true in considering the defendant's motion for a change of venue.

Id.—Injury to Water Company's Property in Two Counties.—Where a trespass is committed on the real property of a water company at its source of supply in one county, and the trespass also results in injury to its real property in another county where it furnishes water, the company may, under subdivision 1 of section 392 of the Code of Civil Procedure, bring an action in the latter county for relief.

APPEAL from an order of the Superior Court of Yolo County granting a motion for change of venue. J. W. Hughes, Judge presiding.

The facts are stated in the opinion of the court.

A. L. Shinn, and Elmer W. Armfield, for Appellant.

C. M. Crawford, and White, Miller & McLaughlin, for Respondents.

CHIPMAN, P. J.—This appeal is from the order of the trial court, granting the motion of defendants to change the place of trial from Yolo County to Lake County. The grounds of the motion are that all of the defendants at the commencement of the action were and now are residents of the county of Lake and the "action is for the determination of a right or interest in and to real property situated in the county of Lake, state of California, and for an injury to real property, and to prevent an alleged trespass upon real property situated in the said county of Lake."

It appears from the complaint in the action that the plaintiff is a corporation whose principal place of business is Woodland, Yolo County, and was organized for the purpose of acquiring, selling, and delivering water and water-rights for irrigation and other purposes and to construct canals, ditches, dams, flumes, and other means of diverting water for said purposes; that Cache Creek takes its rise in Clear Lake "and flows in a southeasterly direction through the county of Yolo from which a large acreage of said county is irrigated and supplied with water by plaintiff"; that "plaintiff is the owner of certain lands, canals and ditches, together with the dams, bulkheads, abutments, levees, headgates, wiers and other improvements, connected therewith and necessary thereto; said ditches being generally known and designated as the 'Woodland or Moore Ditch,' and the 'Adams Ditch,' and the 'Capay Ditch,'" through which "said ditches and canals . . . plaintiff now is and for many years last past, has been serving and supplying the farming neighborhoods under said ditches and canals with water for irrigation purposes, for hire and consideration" and that said works have cost large sums of money and "are worth the sum of $700,000 and more"; that the said creek where it passes through plaintiff's said land at its head, "has been filled and built up by natural accretion, and by the growth of shrubs, weeds and other vegetation and by natural deposits of silt, earth and other material," which condition operates as a barrier to the rapid flow of water through said

creek bed and prevents said waters in seasons of heavy rains "from flowing down said creek bed in large and dangerous quantities" and also causes the waters to be retained in said lake and retards the flow of water stored during the winter season and causes the same to flow down said creek during the summer months and at a later period of time than it would otherwise flow; that the demand for water for irrigation in the winter season is small, but in the summer season is great "and insufficient to supply such demand" and plaintiff is entitled to have said creek where it passes through said land at its head "remain in its natural state and condition." It is then alleged that defendants, in September, 1911, "entered upon said lands of plaintiff adjacent to said lake and through which said lake flows upon land adjacent thereto, and have entered upon and into the bed of said creek flowing thereon, and have excavated soil, cut timber, brush and other growth and vegetation from a portion thereof, and removed the same therefrom, thereby removing the barrier and impediment to the flow of said waters, as above described" and "threaten to and will, unless restrained . . . continue to enter upon the said land and the bed of said creek" and by said acts cause large and excessive quantities of water to flow "down the bed of said Cache Creek, and in such quantities, and with such force as to overflow the lands, dams, embankments, abutments and wiers of said plaintiff and through the said ditches and canals of said plaintiff, greatly damaging, washing away and injuring the same, and carry down and deposit thereon great quantities of rock, earth and rubbish, and breaking said plaintiff's ditches and depriving it of the use and profit of the operation thereof, and the sale of water therefrom," to plaintiff's irreparable injury and damage.

It appears very clearly that the property interests of plaintiff, situated in Yolo County, affected injuriously by the alleged conduct of defendants, are in their nature real property. It is also apparent that plaintiff's property situated in Lake County injuriously affected by the acts of defendants is real property. What may be the ultimate outcome of the action at its trial does not concern us. For the purpose of the motion the averments of the complaint must be taken as true. The sole question is—Have defendants the right to compel the trial to take place in Lake County, or, otherwise

stated, was the action properly commenced in Yolo County
and is plaintiff entitled to have it tried there?

As it is conceded that the action is for a trespass upon and
injury to real property, the case comes within the provisions
of subdivision 1 of section 392 of the Code of Civil Procedure,
and the residence of the defendants is immaterial. This section
reads:

"Actions for the following causes must be tried in the
county in which the subject of the action or some part thereof
is situated, subject to the power of the court to change the
place of trial as provided in this code:

"1. . . . For injuries to real property. . . .

"Where the real property (injured) is situated partly in
one county and partly in another, the plaintiff may select
either of the counties, and the county so selected is the proper
county for the trial of such action."

In *Lower Kings River W. D. Co.* v. *Kings River & Fresno
Canal Co.*, 60 Cal. 408, the action was commenced in Tulare
County for an injunction and for damages resulting from
injury to plaintiff's ditch and water-right. Defendant's
motion to change the place of trial to Fresno County, the prin-
cipal place of defendant's business, was denied and on appeal
the order was affirmed. It appeared that the points of diver-
sion of water from Kings River by both plaintiff and defend-
ant are in Fresno County; that plaintiff's ditch is about
twenty miles in length, about eighteen miles being in Tulare
County, the remainder in Fresno County; that the damage
sustained by reason of defendant's acts was sustained wholly
within Tulare County. The specific act complained of was
committed in Fresno County at the head of defendant's ditch
and consisted in preventing the flow of water into plaintiff's
ditch. Said the court: "That act operated on the whole of
plaintiff's ditch, and was injurious as well to that part of it
in Tulare County as to that in Fresno County. In no sense
can the injury be said to be confined to that part of the ditch
in Fresno County. The ditch is an entirety and the right to
have water flow in it is coextensive with plaintiff's right to
the ditch itself."

The court held that plaintiff's ditch was an artificial water-
course and that the right to have the water flow in the river
to the head of its ditch is an incorporeal hereditament, apper-

taining to its watercourse and that "if the watercourse, consisting of the bed, banks of the trench and of the water therein, be real property, the right to have the water flow to it is incidental and appurtenant thereto." We can perceive no essential difference between that case and the present one except that here the specific acts complained of were committed on plaintiff's land in Lake County, while in the case cited the specific act consisted of diverting the water from the river above the mouth of plaintiff's ditch and apparently not on plaintiff's land. We cannot see that had defendant made its diversion on plaintiff's land it would have changed the remedy or have affected the right of plaintiff to bring its action in either county, for the injury extended to both counties. So here, the injury was in both counties, the greater being in Yolo County. The resultant effects of the acts complained of were almost wholly in Yolo County.

In the case of *Drinkhouse* v. *Spring Valley Water Co.,* 80 Cal. 308, [22 Pac. 252], the action was commenced in San Francisco to restrain defendant from constructing a dam which, it was alleged, when completed, would permanently flood plaintiff's land situated in San Mateo County. It was contended there as here that section 392 only comprehends actions for damages for injuries past and completed. Said the court: "The injury is the same, whether threatened or completed." The report of the case does not show where the dam was being constructed. It did not matter, for plaintiff was entitled to have the case tried in the county where his land was situated, if he elected to bring it there, and was not required to have it tried in another county possibly where the dam was being erected.

In the case of *Last Chance Water Ditch Co.* v. *Emigrant Ditch Co.,* 129 Cal. 277, [61 Pac. 960], plaintiff made a ditch partly in Fresno County and partly in Kings County, by means of which it appropriated water from Kings River to irrigate lands along its ditch. Defendant constructed a canal several miles above the head of plaintiff's ditch and diverted water from Kings River. It also constructed a dam in Kings River to aid the flow of water through its canal, practically diverting all the water of the river and prevented the water from entering plaintiff's ditch, thus depriving it of water to which it was entitled. Plaintiff brought the action in Kings

County to enjoin defendant from interfering with the natural flow of the water. Defendant had its principal place of business in the county of Fresno and the point at which it had constructed the dam across Kings River was also in Fresno County, and the water diverted by defendant was used for irrigating lands within Fresno County. The motion was denied and the order was affirmed by the supreme court, holding that the case fell ''directly within the principle declared in *Lower Kings, etc., Ditch Co.* v. *Kings River, etc., Canal Co.*, 60 Cal. 408, in which it was held that the plaintiff's right to have water flow in the ditch is coextensive with its right to the ditch, and that although the act of diverting the water was committed in Fresno County, it was an injury to that portion of its ditch which was in Tulàre County, and that the action was properly brought in the latter county.''

So far as the question before us is concerned, the character of the injury, i. e., the particular acts resorted to by defendants which resulted in the injury, is immaterial. It is shown that these acts will inevitably cause the injury complained of to the real property of plaintiff situated in Yolo County and it had the right to bring its action in that county.

Respondents cite the case of *Grocers', etc., Co.* v. *Kern L. C. Co.*, 150 Cal. 468, [89 Pac. 120], which was an action commenced in San Francisco to enforce specific performance of a contract for the sale of lands situate in Kern County and for an accounting of profits. Defendants moved for a change of venue, which was denied, and on appeal the supreme court reversed the order, holding that the action was to compel specific performance of a contract for a sale of land and that the accounting to obtain judgment for any surplus of profits in excess of the purchase money was ''merely incidental to the real cause of action and relief sought and does not change the nature of the action.''

Respondents argue: ''So in the case at bar, the 'real cause of action,' the invasion of plaintiff's right complained of, is the trespass and threatened continuance of trespass upon real property. All other averments are incidental and refer only to damages resulting from and incidental to the primary wrong,'' which they contend consisted of the trespass committed in Lake County. Respondents overlook the fact that

the chief injury was to real property situated in Yolo County and this injury would be the same if the land on which defendants did the acts complained of had been government or state land.   There was injury to the land situated in Lake County as is contended by respondents and as is alleged in the complaint, but there was also injury resulting directly from defendants' acts to real property belonging to plaintiff situated in Yolo County, and this, under section 392 of the Code of Civil Procedure, gave it an election to bring the action in that county.

Respondents thus sum up their contention: "We deprived plaintiffs of no water, diverted no water, and committed no act which has interfered with plaintiff's right other than to trespass upon his (its) land and do the acts complained of. It is true that its alleged consequences may flow from threatened consummation or continuance of this act to a ditch, part of which is in Yolo County.   But the action is to restrain the commission of the act of trespass, and this done, it follows that the consequences feared cannot ensue." It is true that the relief prayed for might be given by the court in Lake County, so also may relief be given by the court in Yolo County, but the question is not thus answered, for the statute gives the right to plaintiff to bring its action in either county where the injury alleged is to real property in both counties. Respondents mistake the gravamen of the complaint.   The injury is directly charged to be to real property situated in Yolo County and that it results as a consequence from the trespass committed in Lake County is immaterial.

The order is reversed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 27, 1913.