[Civ. No. 2692.     Third Appellate District.—February 16, 1924.]

SUTTER–BUTTE CANAL COMPANY (a Corporation), Respondent, v. GREAT WESTERN POWER COMPANY OF CALIFORNIA (a Corporation), et al., Appellants.

[1] PLACE OF TRIAL—QUIETING TITLE TO WATER RIGHTS—LOCATION OF CANAL.—The right of a public utility engaged in the sale and distribution of water to the inhabitants of two counties for irrigation and domestic uses to have a given quantity of the water of a designated stream flowing through its canal is real property; and, under article VI, section 5, of the constitution, an action to quiet title to such right may be brought in any county in which its canal is located.

[2] ID.—DIFFERENT APPROPRIATIONS IN DIFFERENT COUNTIES—SEPARATE CAUSES OF ACTION—PLEADING.—Where it appears in such action that plaintiff's alleged right to the given quantity of water

of said stream was initiated by two separate appropriations, one in each of the two counties, but it also appears from the allegations of the complaint that plaintiff is diverting a portion of such quantity of water into its canal, through which the water is carried and distributed in both counties, the merits of the contention that the complaint states two separate causes of action need not be considered on appeal from an order denying a change of venue.

APPEAL from an order of the Superior Court of Sutter County denying a motion for a change of venue. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

Guy C. Earl and W. H. Spaulding for Appellants.

Isaac Frohman, W. H. Carlin and Henry Ingram, for Respondent.

FINCH, P. J.—This appeal is from an order denying defendants' motion for a change of venue.

The complaint alleges that the plaintiff is a public utility engaged in the sale and distribution of water to the inhabitants of Butte and Sutter Counties for irrigation and domestic uses; that it is the owner of a canal heading at a point on Feather River in Butte County and running thence through that county and Sutter County; that it is the owner of the right to appropriate, divert through said canal, and use 2,500 second-feet of the water naturally flowing in Feather River; that an appropriation of 2,000 second-feet of said water was made at the head of said canal in the year 1902 and that an additional appropriation of 500 second-feet thereof was made in 1918 at a point in Sutter County where plaintiff pumps water from the river into its aforesaid canal; and that the defendants claim said water adversely to plaintiff and "threaten to impound and store and take and divert large quantities of the waters of said Feather River above the said diverting works of plaintiff at times when there will remain less water flowing in the said river than the said quantity so appropriated and used by plaintiff, and so as to prevent plaintiff from diverting and using the same." The prayer is for a decree quieting plaintiff's title to the 2,500 second-feet of water and enjoining defendants from interfering with plaintiff's use thereof.

[1]   The defendants demanded that the trial of the action
be had in Butte County on the ground "that the cause of
said action is for the determination of an estate or interest
in real property and that the subject of said action, to wit,
such real property and interest therein is situated, particu-
larly the alleged property right in and to the alleged right
of appropriation of 2000 cubic feet per second of the waters
of the Feather River, as alleged in said complaint, in the
County of Butte, State of California, and that said real
property so alleged in said complaint to be the property of
said plaintiff is a separate and distinct property and prop-
erty right entirely situated in said County of Butte, State
of California, and no part of said property or property
right is situated outside of the said County of Butte."

Article VI, section 5, of the constitution provides "that all
actions for the recovery of the possession of, quieting the
title to, or for the enforcement of liens upon real estate,
shall be commenced in the county in which the real estate,
or any part thereof, affected by such action or actions, is
situated." The parties are agreed that the property right
asserted by plaintiff is real property. In *Lower Kings River
Water Ditch Co.* v. *Kings River & Fresno Canal Co.*, 60 Cal.
408, where the facts alleged were similar to those of the
instant case, the court said: "Watercourses are either
natural or artificial. Plaintiff's ditch was an artificial water-
course. . . . The right of plaintiff, as stated in its com-
plaint, to have the water flow in the river to the head of
its ditch, is an incorporeal hereditament, appertaining to
its watercourse. Granting that plaintiff does not own the
*corpus* of the water until it shall enter its ditch, yet the
right to have it flow into the ditch appertains to the ditch.
Real property consists of land, that which is affixed to land,
and that which is incidental or appurtenant to land (Civ.
Code, sec. 658). If the watercourse, consisting of the bed
and banks of the trench, and of the water therein, be real
property, the right to have water flow to it is incidental and
appurtenant thereto. The acts complained of are preventing
water from flowing in plaintiff's ditch; the ditch is located
in both counties; therefore the subject of the action is in
both counties, and the action might have been brought in
either." To the same effect are the cases of *Last Chance etc.
Co.* v. *Emigrant Co.*, 129 Cal. 277 [61 Pac. 960], and *Yolo*

*Co. Cons. Water Co.* v. *Adamson*, 22 Cal. App. 493 [135 Pac. 48]. In *Stanislaus Water Co.* v. *Bachman*, 152 Cal. 716, 726 [15 L. R. A. (N. S.) 359, 93 Pac. 858, 863], it is said: "The right to have water flow from a river into a ditch is real property; and so also is the water while flowing in the ditch. . . . A ditch for carrying water is real estate." (See, also, *E. Clement Horst Co.* v. *New Blue Pt. Min. Co.*, 177 Cal. 631, 640 [171 Pac. 417].) Since the property involved is real estate the plaintiff, under the constitutional provision quoted, had the right to bring the action in any county in which any part of such real estate is situated.

[2] Appellant contends that since plaintiff's alleged right to 2,500 second-feet of water was initiated by two separate appropriations, one in each county, the complaint states two separate causes of action. The merits of this contention need not be considered because, if the appropriation made in Sutter County be eliminated, it appears from the other allegations of the complaint that plaintiff is diverting 2,000 second-feet of water into its canal, through which the water is carried and distributed in both counties. Under the authorities cited, an action to quiet title to this 2,000 second-feet of water alone could have been brought in either county.

The order is affirmed.

Plummer, J., and Shields, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 11, 1924.

All the Justices concurred.