WHITCOMB, Appellant, *v.* MURPHY, Respondent.

(No. 7,044.)

(Submitted April 8, 1933. Decided May 20, 1933. Opinion on Motion
for Rehearing Filed June 29, 1933.)

[23 Pac. (2d) 980.]

*Mr. J. Miller Smith, Mr. Paul W. Smith* and *Mr. David R. Smith,* for Appellant, submitted a brief; *Mr. Paul W. Smith* argued the cause orally.

*Mr. C. A. Spaulding,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by plaintiff from an order giving directions to defendant as water commissioner, in proceedings instituted by plaintiff under section 7150, Revised Codes 1921, as amended by Chapter 125, Laws of 1925.

On plaintiff's complaint and defendant's answer, and after the issuance of an order to show cause directed to the defendant, evidence was introduced at a hearing from which it appears that plaintiff is the owner of the east half of the southeast quarter of section 34, and the west half of the southwest quarter of section 35, township 20 north, range 7 west, and other lands situated in Lewis and Clark county, together with certain water rights. He obtained the land by deed from the Henningsen Land Company on February 26, 1932. The deed conveys certain water rights, among them being the right to 150 statutory inches of the waters of the south fork of Sun River, of date March, 1871, "adjudicated, determined and decreed to the Woolman Ranch & Sheep Company by judgment and decree of the district court of the Eighth Judicial District of the State of Montana in and for the county of Cascade, dated the 13th day of June, 1911, in that certain action in which Kenneth B. McIver was the plaintiff, and Charles H. Campbell and others were defendants." The Cascade county decree was filed in the office of the clerk of the district court of the first judicial district, Lewis and Clark county, on September 2, 1931, and recorded in the office of the county clerk of the latter county on February 20, 1932. On April 16, 1932, the district court of Lewis and Clark

county appointed defendant as water commissioner to ad-measure the waters of the south fork of Sun River and its tributaries according to the Cascade county decree, and ac-cording to a decree given and made by the district court of Lewis and Clark county on June 10, 1890, adjudicating the waters of the south fork of Sun River. The water right dated March, 1871, is the first right on the south fork of Sun River under either decree.

The record discloses that the water right of March, 1871, was appropriated by Francis Goss, also known as Frank Goss, and was appurtenant to lands in the east half of section 35, township 20 north, range 7 west. At the time of the insti-tution of the action in Lewis and Clark county, the land was owned by Mary J. Furman, who was named a party defend-ant, but who was not served with summons. Before judgment was rendered in the action, Mary J. Furman conveyed the property to Darwin D. Ostrom, who was not a party to the Lewis and Clark county action. Subsequently these lands, together with the 1871 water right, were conveyed to Joseph P. Woolman. Eventually they were conveyed to the Wool-man Ranch & Sheep Company, which owned the lands at the time of the Cascade county decree. Also at that time the Woolman Ranch & Sheep Company owned the east half of the southeast quarter of section 34 and the west half of the southwest quarter of section 35, township 20 north, range 7 west.

The Cascade county decree awarded to the Woolman Ranch & Sheep Company the water right of March, 1871, for use on the east half of the southeast quarter of section 34 and the west half of the southwest quarter of section 35. Plaintiff eventually became the owner of the lands and the water right.

Thus it will be seen that the water right of March, 1871, was not before the court in the Lewis and Clark county action. It is true that the owners of the east half of the southeast quarter of section 34 and of the west half of the southwest quarter of section 35 were before the court in that action; but

the March, 1871, water right appears at that time to have been appurtenant to the lands in the east half of section 35.

After the Woolman · Ranch & Sheep Company became the owner of all the lands above described it had the right to change, as apparently it did, the place of the use of the water so long as it did not affect other appropriators. (Sec. 7095, Rev. Codes 1921; *Carlson* v. *City of Helena,* 43 Mont. 1, 114 Pac. 110; *Head* v. *Hale,* 38 Mont. 302, 100 Pac. 222; *Hays* v. *Buzard,* 31 Mont. 74, 77 Pac. 423; *Maclay* v. *Missoula Irr. Dist.,* 90 Mont. 344, 3 Pac. (2d) 286.) No claim is here made that the change of place of use has in anywise affected other appropriators. Hence we have a case here where the Lewis and Clark county court did not have before it the March, 1871, water right. The owner was not brought before the court. That decree did not affect the right at all. The first and only decree dealing with the March, 1871, water right was the Cascade county decree.

Sun River flows through Lewis and Clark, Cascade and Teton counties, but the south fork of Sun River is entirely within Lewis and Clark county.

The first water right decreed by the Lewis and Clark county decree was of date May 5, 1871. Defendant declines to honor the Cascade county decree wherein is adjudicated to plaintiff's predecessor in interest the water right of March, 1871. He follows the Lewis and Clark county decree before distributing water under the Cascade county decree. In following the Lewis and Clark county decree he distributes about 2,600 inches to others before distributing any to plaintiff, since under that decree the first right given to plaintiff's predecessor in interest is of date 1883.

The court by its order directed defendant to continue to distribute the waters of the south fork of Sun River under the terms and provisions of the Lewis and Clark county decree, so far as that decree extends before distributing the waters of the south fork of Sun River under any other judgment or decree. Plaintiff, by several assignments of error variously stated, challenges the correctness of the court's order. De-

fendant, on the other hand, contends that the order is correct. His contention is that the Cascade county decree is void for want of jurisdiction in that court, because the south fork of Sun River flows only in Lewis and Clark county, and that the district court of the latter county alone has jurisdiction. This contention is without merit.

An action to ascertain, determine and decree the extent and priority of the right to the use of water partakes of the nature of an action to quiet title to real estate. (*Harris* v. *Chapman,* 51 Idaho, 283, 5 Pac. (2d) 733; *Tanner* v. *Provo Reservoir Co.,* 78 Utah, 158, 2 Pac. (2d) 107; *Pacific Live Stock Co.* v. *Ellison Ranching Co.,* 52 Nev. 279, 286 Pac. 120; *Logan, Hyde Park etc. Co.* v. *Logan City,* 72 Utah, 221, 269 Pac. 776; and compare *Bennett* v. *Quinlan,* 47 Mont. 247, 131 Pac. 1067.) Article VIII, section 11, of our Constitution, in part provides: "Their [referring to district courts] process shall extend to all parts of the state, provided that all actions for the recovery of, the possession of, quieting the title to, or for the enforcement of liens upon real property, shall be commenced in the county in which the real property, or any part thereof, affected by such action or actions, is situated." Of like effect is section 8831, Revised Codes of 1921.

The plaintiff in the Cascade county action owned lands situated in Cascade county. Though the south fork of Sun River flows entirely within Lewis and Clark county, it is still a part of Sun River, and the Cascade county court had jurisdiction of the action in which the decree was rendered. This same question was considered by the supreme court of California under a constitutional provision practically the same as section 11 of Article VIII of our Constitution, in *Clemens Horst Co.* v. *New Blue Point Min. Co.,* 177 Cal. 631, 171 Pac. 417, 420, and, in upholding the contention made by plaintiff here, it said: "Certain of the respondents question the jurisdiction of the court to try this case and contend that they should have been awarded a judgment of dismissal under section 5 of Article VI of the Constitution of California. This, they say, is an action to quiet title to the waters of Bear river

and its tributaries, including Wolf creek, and as the latter stream is entirely within the county of Nevada, they assert that the superior court in and for the said county alone had jurisdiction to entertain such a suit. The court found that plaintiff's right sought to be quieted was 'a part and parcel of its Yuba county lands.' The action was properly commenced and tried in Yuba county. (*Miller & Lux* v. *Madera Canal & Irr. Co.*, 155 Cal. 59–73, 99 Pac. 502, 22 L. R. A. (n. s.) 391; *Lux* v. *Haggin*, 69 Cal. 255–391, 4 Pac. 919, 10 Pac. 674.) Plaintiff was seeking to quiet its right to the natural flow of Bear river at its lands in Yuba county. The mere fact that Wolf creek has a separate name and extends through another county does not make it less a part of Bear river. (*Porters Bar Dredging Co.* v. *Beaudry*, 15 Cal. App. 751–765, 115 Pac. 951.)'' (Compare, also, *Kimball* v. *Tripp*, 136 Cal. 631, 69 Pac. 428, *Last Chance W. D. Co.* v. *Emigrant Ditch Co.*, 129 Cal. 277, 61 Pac. 960, *Yolo County Con. Water Co.* v. *Adamson*, 22 Cal. App. 493, 135 Pac. 48, and *Deseret Irr. Co.* v. *McIntyre*, 16 Utah, 398, 52 Pac. 628.)

Argument is made by defendant's counsel that the district court of Cascade county could not set aside, modify or alter the Lewis and Clark county decree, which had stood for twenty-one years, and particularly when no mention was made of it by the Cascade county decree and when there was no showing made that it was attacked by the pleadings in the Cascade county action. As we have seen, the Cascade county decree does not alter, modify or set aside the Lewis and Clark county decree, so far as it establishes the water right of March, 1871. The Lewis and Clark county decree did not deal with that right. The Cascade county decree, to the extent that it determines the March, 1871, water right, adjudicates subject matter not before the Lewis and Clark county court.

The court erred in not directing defendant to distribute to plaintiff the waters to which he is entitled under the March, 1871, water right decreed by the Cascade county court. The order appealed from is set aside and the cause remanded, with

directions to enter an order requiring defendant to distribute to plaintiff the waters decreed to him as of March, 1871, by the Cascade county decree, before distributing water to anyone else under either decree.

The opinion promulgated on May 20, 1933, is hereby withdrawn and this one substituted therefor.

The motion for rehearing is denied.

Each party shall pay his own costs on this appeal.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.