[Sac. No. 4782. In Bank.—August 21, 1934.]

PERCY F. WOOD, Respondent, v. AGNES PENDOLA
et al., Appellants.

438

Virgil M. Airola for Appellants.

Joseph H. Huberty and Huston & Huberty for Respondent.

SHENK, J.—The plaintiff sued to quiet his title to an alleged appropriation right in the waters of Coyote Creek in Calaveras County, and for injunctive relief to enjoin the defendants' interference with the right alleged. The defendants appeal from a judgment for the plaintiff.

The plaintiff based his right to recovery on a judgment for the plaintiff rendered on September 21, 1887, in an action commenced in the Superior Court in and for the County of Calaveras by Marinda Wood, the predecessor of the plaintiff, against Lorenzo Pendola, the defendants' predecessor in interest, and which was affirmed on appeal. (*Wood v. Pendola*, 78 Cal. 287 [20 Pac. 678].) By that judgment the title of the plaintiff therein to the same right involved in the present action was decreed and the defendant there perpetually enjoined from interfering with that right. The defendants in the present action founded their claim of right on a final judgment of the Superior Court in and for San Joaquin County rendered on November 14, 1929, which established and determined the several priorities, quantities and points of diversion and use by the parties hereto to the waters of Coyote Creek, following an order of determination by the division of water rights, department of public works, pursuant to the provisions of the Water Commission Act. (Stats. 1913, p. 1012, as amended.) The order of the division of water rights established the right of Mrs. Marinda Wood to divert 0.875 cubic feet per second, priority, 1886, in the natural flow of Coyote Creek. The same order determined that Mrs. M. Pendola is entitled to divert 0.270 cubic feet per second priority, 1868, and 0.355 cubic feet per second, priority, 1885, from the natural flow of Coyote Creek. The trial court in the present action found, and no showing is made that its finding is unsupported, that the right established in favor of Mrs. Pendola by the order of determination is the right involved in the present action,

and by the judgment of 1887 decreed to be the property of the mother of the plaintiff herein.

The ground of the appeal is that the court erred in basing its decree herein on the judgment of 1887 rather than on the judgment of the Superior Court in San Joaquin County rendered on November 14, 1929. The defendants rely on the rule that the last judgment in point of time involving the same parties and the same subject matter controls and determines the rights of the parties. If the judgment of November 14, 1929, entered in the proceedings in San Joaquin County, is conclusive and enforceable as against the plaintiff herein, the rule stated governs to effect a reversal of the present judgment. (*California Bank* v. *Traeger,* 215 Cal. 346 [10 Pac. (2d) 51]; 15 Cal. Jur. 104, 105, and cases cited.)

In opposing the effect of the rule relied upon by the defendants the plaintiff urges that sections 36a and 36b of the Water Commission Act are in violation of sections 1 and 5 of article VI, section 13, of article I, article III, and section 25 of article IV of the California Constitution.

The Water Commission Act was approved by the voters, pursuant to a referendum petition, at the general election held in November, 1914, and became effective in the same year. The main purpose of the act is to regulate the right to appropriate and the issuance of permits for the appropriation of unappropriated waters of the state, through the administrative offices of a state water commission thereby created. The act defines what are or may become unappropriated waters subject to appropriation. (Secs. 11, 20a.) By section 25 the commission is given power upon its own initiative or upon petition signed by one or more claimants to water of any stream system to proceed to determine the rights based on prior appropriation of all claimants on the stream system. Provisions for notice of the order granting the petition, investigation and compiling of data and information, execution of surveys, preparation of maps, etc., notice of hearing, and hearing of all claims and contests which may arise out of conflicting claims, and the making of an order establishing the several rights by appropriation of the waters of the stream system by the water commission are provided in sections 26 to 36 of the act. Section 25 of

the act refers to a stream, stream system, lake or other body of water as a "stream system".

In August, 1917, the state water commission on the joint petition of the Oakdale Irrigation District and the South San Joaquin Irrigation District granted an order for the investigation and determination of the rights of claimants to the use of waters of the Stanislaus River and its tributaries based upon prior appropriation. After investigation, notice and hearing on the claims of some sixty persons, including the claims of the parties hereto, to appropriation rights in said stream and its tributaries, the division of water rights, the successor of the state water commission, on September 21, 1922, made and entered its order.

Section 36a of the Water Commission Act provides for the filing of a certified copy of such order, together with the original evidence and transcript of testimony, duly certified, with the clerk of the superior court of the county in which said stream system or any part of it is situated. Pursuant to this provision there was filed with the clerk of the Superior Court in and for the County of San Joaquin a certified copy of the division's order of September 21, 1922, together with the evidence and transcript. An order of the court setting a time for hearing was procured and served as therein provided.

Section 36b provides for the filing of notices of exceptions to the order by parties in interest who are aggrieved or dissatisfied with it, which notices shall be served in the manner provided on the state water commission and on adverse claimants. The section continues: "The order of determination by the state water commission and the statements or claims of claimants and exceptions made to the order of determination shall constitute the pleadings, but the court may allow such additional or amended pleadings as may be necessary to a final determination of the proceeding. If no exceptions shall have been filed with the clerk of the court as aforesaid, then on the day set for the hearing, on motion of the state water commission, or its attorney, the court shall enter a decree affirming said order of determination. On the day set for hearing all parties in interest who have filed notices of exceptions as aforesaid shall appear in person, or by counsel, and it shall be the duty of the court to hear the same or set the time for hearing, until such exceptions are

disposed of, and all proceedings thereunder shall be as nearly as may be in accordance with the rules governing civil actions. . . . "

By section 36c the court may employ experts to investigate and report and may take additional evidence or refer the case back to the commission for that purpose. After the hearing the court is directed to enter a decree determining the right of all persons involved in the proceeding, including the extent, priority, amount, purpose of use, point of diversion, and place of use, and the tracts of land to which the use is appurtenant and other necessary conditions, and may assess the costs. The section also provides for appeals as in civil cases. Section 36d requires that a certified copy of the decree shall be filed for record in each county in which any part of the stream system is located and in the office of the state water commission. Pursuant thereto the commission issues a certificate to each claimant setting forth the right decreed to belong to him. Section 36e makes the decree of the court conclusive as to the rights by appropriation of all existing claimants upon the stream system lawfully embraced in the determination.

A certified copy of the order of determination of September 21, 1922, was filed with the clerk of the Superior Court in San Joaquin County with the matter and transcript required by section 36a, including also a certified copy of the judgment of the Superior Court in and for the County of Calaveras entered in 1887. The record shows that Mrs. Marinda Wood, represented by her son, the plaintiff herein, and the defendants or their representatives contested the claim herein before the state water commission. The evidence on that contest, including the judgment of 1887, was also before the court of San Joaquin County. Although many of the claimants involved in the proceeding before the water commission filed exceptions to said order of determination with the clerk of San Joaquin County, and a hearing thereon was duly had by the court, neither the plaintiff herein nor his mother, Mrs. Marinda Wood, nor the defendants herein nor their predecessor, filed any exception to the order of the division of water rights. After an extended hearing the court in San Joaquin County, on November 14, 1929, entered its order and decree adjudging and defining in detail as required the rights of each of the claim-

ants who appeared and contested the order of determination, and of the other claimants who made no appearance in said proceeding. As to said latter claimants, including the parties hereto, their appropriative rights were adjudged and described as in said order of determination with the exception that the right as described therein was amended to include the right of the parties hereto among other claimants to the use of the water for domestic and stock-watering purposes throughout the year unlimited by the period specified for irrigation purposes. Neither of the parties hereto or their predecessors in interest prosecuted an appeal from the judgment of the Superior Court of San Joaquin County, and that judgment has become final. The question presented here is whether it is conclusive upon the plaintiff herein.

The question of the constitutionality of sections 36a and 36b of the Water Commission Act was litigated and decided adversely to the contentions of the plaintiff in the case of *Bray* v. *Superior Court*, 92 Cal. App. 428 [268 Pac. 374, 1081]. In that case it was held that section 36b was not a local law nor a special law regulating the practice of courts of justice in violation of section 25 of article IV of the Constitution. It was pointed out in that case that the proceedings in the superior court conducted upon the filing therein of the order of determination are not in the nature of a review of nor an appeal from that order, but constitute a trial of the issues presented by the order and the objections thereto which may be filed as in ordinary civil cases, and as in other civil cases that an appeal lies from the judgment of the superior court. The sections involved do not, therefore, violate section 1 of article VI of the Constitution lodging the entire judicial power of the state in the tribunals therein specified, nor article III prohibiting the exercise by one department of the state government of powers properly belonging to either of the other departments. It has long been settled that the water commission exercises only administrative functions. (*Tulare Water Co.* v. *State Water Com.*, 187 Cal. 533 [202 Pac. 874]; *Department of Public Works* v. *Superior Court*, 197 Cal. 215 [239 Pac. 1076].) That this conclusion, as held in *Bray* v. *Superior Court, supra,* governs in respect to the functions performed by the commission pursuant to sections 25 to 36 of

the act becomes apparent when it is considered that there is no finality to its order establishing the appropriative rights of claimants in the stream system. In respect to those functions it becomes an administrative arm of the superior court where proceedings in the nature of a civil action in which the trial of the rights of claimants established by the commission's order must be had before any order becomes binding on the parties interested. ■ The foregoing also disposes of the contention that section 36b violates article VI, section 5, of the Constitution prescribing the limits of the appellate jurisdiction of the superior court, and the plaintiff's reliance on the case of *Mojave River Irr. Dist.* v. *Superior Court*, 202 Cal. 717 [262 Pac. 724], which was fully discussed and distinguished in the case of *Bray* v. *Superior Court, supra.* No appellate jurisdiction is vested in the superior court by section 36b of the act. The mere fact that the superior court is directed to affirm the order of determination when no objections thereto are filed does not change the conclusion in this respect. The proceeding where no objection is filed is in no substantial respect different from an entry of judgment on evidence before the court upon the default of a party who has been served with summons or other appropriate prescribed process.

■ A further contention is made that the sections involved violate the due process clause (art. I, sec. 13, Constitution). The plaintiff contends that "due process of law" means law in its regular administration through courts of justice according to those rules and principles which have been established by our system of jurisprudence for the enforcement and protection of private rights. That the opportunity for a trial governed by the same established rules of evidence and procedure as are applied in other cases under similar conditions was given to the parties in the proceeding in the Superior Court in San Joaquin County was also decided by the case of *Bray* v. *Superior Court, supra,* at page 435. It is unnecessary to add to the remarks contained in the opinion in that case, where it is pointed out that the fact that the process prescribed for the purpose of obtaining jurisdiction of the parties is not a summons does not invalidate the proceedings so long as the court acquires jurisdiction of the parties and the

cause. ▉ No claim is made that the plaintiff or his predecessor was not named in said order of determination as a party interested or that he was not served with notice as required by the provisions of the act, or that he was in any manner deprived of the opportunity afforded by the act of appearing in said proceedings in San Joaquin County and entering his objections to the order of determination filed therein. Thus the contention that the plaintiff or his ancestor was not a party to the proceeding in San Joaquin County and that no valid judgment was rendered as against him because in fact neither he nor his ancestor made an appearance therein cannot avail him on the record presented here. ▉ That the mere procedure by which jurisdiction is to be exercised may be prescribed by the legislature has been long recognized. (*Ex parte Harker,* 49 Cal. 465; *In re Jessup,* 81 Cal. 408, 470 [21 Pac. 976, 22 Pac. 742, 1028, 6 L. R. A. 594].) The sections involved herein regulate procedure merely, and do not have the effect to impair the constitutional power of the court or to defeat the exercise of its jurisdiction, nor do they attempt to regulate what jurisdiction it shall possess. This is the distinction between section 36b and section 1b of the act pointed out by the court in the case of *Bray* v. *Superior Court, supra.*

▉ The plaintiff contends that by the commencement of the proceeding in the Superior Court in San Joaquin County there occurred a violation of the proviso of section 5 of article VI of the California Constitution that all actions for the recovery of the possession of, quieting the title to or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated, and of subdivision 4 of section 25 of article IV prohibiting the legislature from passing local or special laws providing for changing the venue in civil or criminal actions. The legislature obviously had in mind those sections of the Constitution when it provided by section 36a of the act that the order of determination of the water commission, transcript and evidence shall be filed in the county in which the stream system, or some part thereof, is situated. No reason is presented, and none is perceived, why the Stanislaus River and all of its tributaries may not constitute a stream system within the meaning of the act. ▉ The joint

petition initiating the proceeding before the water commission claimed appropriative rights in the waters of the Stanislaus River. The claims of all of the upper appropriators, including the parties hereto, on that river or its tributaries, formed the proper subject of an action or proceeding to determine the respective rights of the petitioners and such other users. No contention is made that such an action or proceeding could not have been commenced by the same petitioners in the Superior Court in San Joaquin County, a portion of the southern boundary of which is formed by the Stanislaus River, to determine the same rights as are determined by the judgment of the Superior Court in San Joaquin County in the present case. (See *E. C. Horst Co.* v. *New Blue Point Min. Co.*, 177 Cal. 631 [171 Pac. 417]; *Last Chance Water Ditch Co.* v. *Emigrant Ditch Co.*, 129 Cal. 277 [61 Pac. 960]; *Lower Kings River Water Ditch Co.* v. *Kings River & Fresno Canal Co.*, 60 Cal. 408; *Sutter-Butte Canal Co.* v. *Great Western Power Co.*, 65 Cal. App. 597 [224 Pac. 768]; *Yolo County Cons. Water Co.* v. *Adamson*, 22 Cal. App. 493 [135 Pac. 48].) Coyote Creek is an upper tributary of the Stanislaus River, and flows entirely in Calaveras County. The fact, however, that no part of Coyote Creek lies in San Joaquin County does not invalidate the judgment rendered by the Superior Court in San Joaquin County determining the respective appropriative rights in and to the waters of that creek of the parties hereto.

Further, it is urged that the proceeding in the Superior Court in and for San Joaquin County permits a taking of private property for public use without compensation. The proceeding was brought merely to determine and establish conflicting private rights. No taking or public right or use was involved.

The contention of the plaintiff that the Calaveras County judgment of 1887 could not be attacked collaterally in the proceedings before the state water commission is not available to him in the present action. It might have formed the basis of an objection in the proceedings before the Superior Court in San Joaquin County. The contention now made amounts to a collateral attack upon the judgment of the latter court. Because of the finality of that judgment the plaintiff is now in the position where he is unable to

attack collaterally such a judgment, which is valid on its face.

Finally, it is stated that the rights of Percy F. Wood, the plaintiff here, were not adjudicated by the judgment of the Superior Court in and for San Joaquin County. It is shown that by a deed dated December 11, 1916, Mrs. Marinda Wood conveyed all of her right and interest in and to the subject of the present action to her three children, one of whom is the plaintiff. The proceedings before the state water commission were commenced on August 14, 1917. The order of determination was made and entered in its office on September 21, 1922, and thereupon the court proceeding was duly commenced in the county of San Joaquin. The deed from Mrs. Marinda Wood to her children was recorded subsequently on the tenth day of July, 1923, and after the order setting the time for hearing had been made by the superior court and notice had been served in accordance with the provisions of the act. So far as the public records showed at the time of the proceedings before the commission and the commencement of the proceeding in the superior court the plaintiff's mother owned the title to the property. Furthermore, the plaintiff testified on the trial of the present action that he gave evidence before the state water commission and submitted the proof of claim in his mother's name in those proceedings. We fail to see, therefore, how he is not a claimant whose right was lawfully embraced within the determination and as to which the decree of the superior court is conclusive pursuant to the provisions of section 36e of the act.

The foregoing views compel a conclusion that the judgment in favor of the plaintiff herein should be, and it is hereby, reversed.

Preston, J., Curtis, J., Plummer, J., *pro tem.*, and Waste, C. J., concurred.

Rehearing denied.