[Civ. No. 2885.  Third Appellate District.—February 24, 1925.]

## GEORGE N. WHITE et al., Respondents, v. E. S. ARDZROONI et al., Appellants

**[1]** CONTRACTS—ABSENCE OF AMBIGUITY—EVIDENCE OF SURROUNDING CIRCUMSTANCES INADMISSIBLE.—If an instrument is clear and unambiguous on its face and no intimation is given of a disclosure of a latent ambiguity, evidence of the surrounding circumstances leading up to the execution of the instrument for the purpose of ascertaining the intentions of the parties and also for the purpose of properly construing the instrument is inadmissible.

**[2]** ID. — CONSIGNMENT OF GRAPES — GUARANTEED MINIMUM PRICES — INTENTION—ADMISSION OF PAROL EVIDENCE—SECTION 4½, ARTICLE VI, CONSTITUTION.—In an action to recover for grapes delivered by plaintiffs to defendants on consignment under a written contract by which defendants agreed to sell the grapes at guaranteed minimum prices, while the complaint contained no specific allegations of any claimed ambiguity in the written contract between the parties, still the admission of testimony of the surrounding circumstances leading up to the execution of the contract was not prejudicial to defendants, where section 4½ of article VI

1. Parol evidence to add to or vary a writing, notes, 56 **Am. St. Rep.** 659; 17 **L. R. A.** 270. See, also, 10 **R. C. L.** 1063.

of the constitution was applicable to the case because the complaint and the answer were antithetical and presented direct and opposing constructions alleged as the correct construction or interpretation to be placed upon the written instrument, and the defendants were not, therefore, taken by surprise by the proffer of testimony to support the interpretation or aid the court in interpreting the instrument upon which the action was prosecuted.

[3] ID.—PAROL EVIDENCE NOT ADMITTED TO VARY TERMS OF CONTRACT—UNTENABILITY OF OBJECTION.—In such action, the objection to the introduction of testimony of the surrounding circumstances leading up to the execution of the contract, on the ground that it was inadmissible to vary the terms of the written contract, is not well taken, where the objection was not raised at the time of the introduction of the testimony, and the testimony was admitted to explain, not to vary, the writing.

[4] ID.—EVIDENCE OF SURROUNDING CIRCUMSTANCES—CONFIRMATION OF PROPER LEGAL CONSTRUCTION OF WRITING—ABSENCE OF INJURY.— In such action, where the evidence touching the circumstances surrounding the execution of the contract tended to confirm its proper legal construction — that the defendants undertook to guarantee certain returns to plaintiffs for the grapes to be handled by defendants and were to be compensated out of whatever sums might be realized over and above such guaranteed prices—the introduction of such evidence was without injury to the defendants.

[5] ID. — EVIDENCE. — In such action, if the written contract means what the defendants claimed in their answer and claim on appeal that it means, then the writing is ambiguous, because the construction contended for by defendants does not appear upon its face, and did not necessarily appear upon its face to the trial court and, therefore, the oral testimony admitted by the trial court was properly admitted.

[6] ID. — JUDGMENTS — STIPULATION. — In such action, where it was stipulated on the trial that the plaintiffs were the parties entitled to recover in the event that the court awarded judgment as claimed in plaintiffs' complaint, the contention on appeal that the judgment must be reversed in so far as it is in favor of one of the plaintiffs cannot be sustained.

---

(1) 22 **C. J.**, p. 1189, n. 98.    (2) 4 **C. J.**, p. 1172, n. 62.    (3) 3 **C. J.**, p. 816, n. 19.    (4) 4 **C. J.**, p. 986, n. 90.    (5) 22 **C. J.**, p. 1191, n. 7.    (6) 36 **Cyc.**, p. 1292, n. 69.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Williams & Fenstermacher for Appellants.

Fee & Ring and Wm. C. Ring for Respondents.

PLUMMER, J.—On the sixth day of September, 1922, the plaintiffs, being the owners of a certain vineyard, entered into a contract for the delivery to the defendant of two varieties of grapes then being and growing on said vineyard. This contract is in the following words and figures, to wit:

"This certifies that R. Lewis and G. N. White, of Lewis & White Garage of Madera, agree to deliver and consign to Ardzrooni Bros., all the hereafter mentioned fruit crops which the grower agrees to harvest at his own expense all of the said fruit and deliver in good merchantable and marketable condition, and quality at Rattlesnake or Italian Swiss Madera, nor later than Oct. 20, 1922, all fruits found not suitable for marketing is to be weighed back and deducted from total deliveries.

| Estimated Quality Tons | Variety | Minimum Guaranteed Price Per Pound Or Ton |
|---|---|---|
| 100 | Carrigan | $60.00 |
| 500 | Muscats | 20.00 |
| Mutual | Stipulation | Supple- |

menting This Agreement.

"Ardzrooni Bros. agree to pay picking expenses at time of harvest and settlement to be made consignee as fast as returns are made.

"In consideration therefore, Ardzrooni Bros., agree to use their best efforts to obtain the highest market price available in transcontinental markets for said fruit. It is further agreed that after all packing and marketing expenses have been deducted and a commission of (5 per cent) 5 per cent is allowed to Ardzrooni Bros., out of the gross proceeds, as compensation for marketing services, the balance of net proceeds shall be paid to it being understood that title and

ownership of the fruits herein mentioned vests in the name of the grower and until proceeds have been actually received all risk and liability for diminishing returns or loss lies with the grower herein mentioned.

"Time is of the essence of this agreement and no understanding other than herein expressed shall vary or modify this transaction.

"Signed in duplicate this 6th day of September, 1922.

> "GEORGE N. WHITE,
> "R. LEWIS,
> "B. M. HOOPER, Grower.
> "O. K.—ARDZROONI BROS., Agents,
> "By LEO SARKISIAN."

The grapes referred to in said agreement having been delivered by the plaintiffs to the defendants and payment not having been made therefor, this action was begun to recover the amount claimed by the plaintiffs to be due. Plaintiffs had judgment and from this judgment the defendants appeal.

The controversy between the parties, as shown by their pleadings, presents two questions: 1. Whether or not the plaintiffs were entitled to at least the amounts claimed to be due them by the defendants for each ton of grapes delivered without deductions for brokerage, defendants' commissions, and market expenses though defendants did not succeed in selling the grapes for a price sufficient to meet these charges; and 2. The amounts which defendants were entitled to deduct from the returns for marketing expenses, brokerage and commissions in those cases where they were entitled to deduct any amount. The plaintiffs in their complaint set forth their interpretation of the contract to the effect that they were entitled to the guaranteed prices mentioned in the contract irrespective of whether the selling prices obtained by the defendants in transcontinental markets equaled the stipulated guaranteed prices; in other words, that the guaranteed price was net to the growers and the commissions, expenses, etc., incurred by the defendants were to be obtained, if any, out of selling prices in excess thereof. On the part of the defendants it is set forth in their pleadings that the guaranteed price did not mean a net sum to the

growers, but that their commissions and expenses should be deducted therefrom, and that the guaranteed price was a basis of calculation rather than a stipulation as to the amounts to be paid to the plaintiffs for the different varieties of grapes mentioned in the contract.

The trial court in its findings determined that the defendants promised and guaranteed in said contract to pay the plaintiffs not less than the sum of $60 per ton for each ton of Carrigan grapes and the sum of $20 per ton for each ton of Muscat grapes delivered to the defendants in good merchantable and marketable condition at the places designated, and that such guaranteed minimum prices were not subject to any deductions for or on account of commissions alleged to be earned by the defendants or expenses incurred by them; that the plaintiffs were to pay the expenses of harvesting and delivering the grapes and that settlement was to be made upon each shipment as returns were made for the same.

Upon the trial of the case there was offered and admitted in evidence testimony of the surrounding circumstances leading up to the execution of the contract and under which it was executed for the purpose of ascertaining the intentions of the parties and also for the purpose of properly construing the written agreement. The trial court, being of the opinion that the contract was ambiguous, admitted such oral testimony to aid it in construing the terms thereof and for the purpose of being able to declare its true legal purport and meaning. We do not find any testimony in the transcript, and none has been pointed out to us, which tends in any particular to vary or contradict its terms. The appellants objected to the admission of the oral testimony to which we have referred on the ground that the contract was not ambiguous, and that such testimony was not admissible to vary the terms of the written instrument. In this particular the appellants' objection, while possibly technically good on the grounds which we shall hereafter mention, was not well taken on the theory that the offered testimony tended to either contradict or vary the terms of the written instrument. In the briefs presented to us upon this appeal, the objection is urged that the offered testimony was not within the allegations of the plaintiffs' complaint, that the

question of any ambiguity or uncertainty in the written instrument was not expressly alleged and, therefore, it was an error on the part of the trial court to admit the same.

The rule as to the admission of oral testimony for the purpose of aiding the court in arriving at a correct interpretation thereof is well set forth in 22 C. J., pages 1186 et seq., section 1590, as follows:

"Parol evidence is admissible to show the situation of the parties and the circumstances under which a written instrument was executed, for the purpose of ascertaining the intentions of the parties and properly construing the writing. In other words, the court may, by receiving evidence of the circumstances under which the writing was made, place itself in the situation of the parties who made it, and to that extent look in upon their minds and so judge of the meaning of the words, and of the correct application of the language to the things described, from the point of view of the parties who wrote or executed the instrument. Such evidence is received, not for the purpose of importing into the writing an intention not expressed therein, but simply with the view of elucidating the meaning of the words employed; and in its admission the line which separates evidence which aids the interpretation of what is in the instrument from direct evidence of intention independent of the instrument must be kept steadily in view, the duty of the court being to declare the meaning of what is written in the instrument and not of what was intended to be written. Accordingly where the instrument is clear and unambiguous on its face, and no intimation is given of a disclosure of a latent ambiguity, no evidence is admissible to give to it a construction other than that which is plainly expressed. It must be interpreted according to its terms, and it will be enforced without resorting to proof of the surrounding circumstances."

[1] By this rule it will be seen that if the instrument is clear and unambiguous on its face and no intimation is given of a disclosure of a latent ambiguity, the evidence referred to is admissible.

[2] While, as just stated, the complaint contains no specific allegations of any claimed ambiguity in the written instrument, the complaint and the answer in this case are

antithetical and present direct and opposing constructions alleged as the correct construction or interpretation to be placed upon the written instrument, and, therefore, the defendants were not taken by surprise by the proffer of testimony to support the interpretation or aid the court in interpreting the instrument upon which the action was being prosecuted; hence, if the appellants' contention be correct, that admission of such testimony was error, it does not necessarily lead to reversal. Section 4½ of article VI of the constitution is applicable here, in providing that "no judgment shall be set aside, or new trial granted, . . . for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

Appellants in this case do not argue that any injustice has resulted by reason of the admission of the testimony referred to, but confine themselves to the following succinct statement of the cause of complaint: "The points to be raised on this appeal are few. Briefly appellant's principal contention can be summed up in this one statement: Where a party in his pleading relies solely upon an alleged written contract between himself and the other party, he is bound by his pleading and cannot object to treatment of the writing as the whole contract of the parties, and hence he cannot introduce parol evidence to vary said contract. In short it is our contention that the court erred in allowing the plaintiffs in the case at bar to introduce evidence to the effect that the contract referred to and specifically pleaded in plaintiffs' first amended complaint did not state the whole agreement between the parties. It is our earnest contention that the plaintiffs in the case at bar were not entitled under their pleading to inject evidence into the trial of the case pertaining to a matter not referred to in their complaint. We would go further and say irrespective of whether or not the court was of the opinion that the contract was ambiguous it was none the less error to allow the plaintiffs to go outside their pleadings in order to sustain their theory of the case."

It will be noticed that their whole ground of appeal is based upon the theory that parol evidence is not admissible

to vary the terms of the written contract and also that, irrespective of whether or not the court was of the opinion that the contract was ambiguous, it was none the less error to allow plaintiffs to go outside of their pleadings. [3] The first objection, as we have stated, was not raised at the time of the introduction of the testimony, and overlooks the fact that the testimony was admitted to explain, not to vary the writing, and the second objection is governed by the constitutional provision which we have quoted, unless prejudicial injury has thereby been suffered by the appellants. That they have been thus injured is not set forth in the appellants' brief, and we cannot assume that the appellants have been injured in the absence of any claim to that effect, and in the absence of anything being called to our attention which would lead to that conclusion. There is no controversy in this case as to the fact that oral testimony is properly admissible as to the surrounding circumstances attendant upon the execution of the written instrument in order to determine the true intent and meaning thereof, whenever the writing is ambiguous.

[4] Irrespective of whether the court did or did not err in admitting oral testimony touching upon the construction which should be given to the written instrument, we have arrived at the conclusion that the interpretation placed thereon by the trial court is correct and, as stated in *Provident G. Min. Co.* v. *Manhattan S. Co.,* 168 Cal. 304 [142 Pac. 884], "in an action by the seller to recover the purchase price due under such contract, the admission of evidence touching the circumstances surrounding the execution of the contract, which tended to confirm its proper legal construction, is without injury." Thus, if the guaranteed price in the contract entered into between the plaintiffs and the defendants has the meaning given to it by the trial court, the fact that the oral testimony of the surrounding circumstances admitted by the court tended to confirm the correctness of the construction of the instrument as finally given in this case, then the appellants are in nowise injured. The writing itself provides for a minimum guaranteed price. If deductions were to be made from the guaranteed price, then that term in the written agreement would bcome practically

meaningless. We think the true construction of the instrument and which carries out the intention of the parties to be that the defendants undertook to guarantee certain returns to the growers for the grapes to be handled by them and were to be compensated out of whatever sums might be realized over and above such guaranteed prices. If this be not true, then the grower had no guaranteed price. Any other construction would make the instrument a "jug-handled" agreement in which the defendants were to be compensated in any event, and the growers took all the chances of losses and the brokers all the opportunities for profit.

[5] If the written instrument means what is now claimed by the appellants that it means and what appellants claim in their answer, then, and in that case, the writing is ambiguous, because that construction does not appear upon its face, and did not necessarily appear upon its face to the trial court and, therefore, the oral testimony admitted by the trial court was properly admitted and an examination of that testimony shows that it very strongly supported the interpretation of the written instrument given by the trial court herein.

[6] In conclusion, the appellants claim that the judgment must be reversed in so far as it is in favor of the plaintiff Hopper. This claim arises, however, by reason of the fact that the writer of the appellants' opening brief appears not to have been the attorney conducting the trial in the lower court, because the transcript shows that it was there stipulated that the plaintiffs in this case are the parties entitled to recover in the event that the court awards judgment as claimed in plaintiffs' complaint.

The judgment and order of the trial court are hereby affirmed.

Hart, J., and Finch, P. J., concurred.