[L. A. No. 12430. In Bank.—March 31, 1932.]

CALIFORNIA BANK (a Corporation), Plaintiff, v. WILLIAM I. TRAEGER et al., Defendants; EDITH WAKE DANZIGER et al., Respondents; BARNEY OLDFIELD, Appellant.

Carroll Allen and A. E. McManus for Appellant.

Patterson, Bailey & Montgomery and Chas. C. Montgomery for Respondents.

CURTIS, J.—This is a suit in interpleader brought by the California Bank, which has deposited the personal property in court, to have the conflicting claims of defendants to said property settled and their rights thereto determined. The property involved originally consisted of a $40,000 promissory note executed by Milton Sills to the Wake Development Company and secured by a mortgage on real property, which note and mortgage were in the possession of the bank as collateral security. As payments were made on said promissory note, other securities in the form of gold bonds were purchased. At the time of the institution of this action, the bank had on hand these gold bonds, the promissory note upon which was due an unpaid balance of $13,500, and cash in the amount of $14,608.62, received from the maker of the note. The claim of the bank had evidently been paid in full, as it expressly disclaimed any

interest in said property and prayed that it be permitted to deposit said property in court and thereupon be relieved of further liability with reference to it.

In 1927, Barney Oldfield, who is the sole appellant herein, obtained a $10,000 judgment against J. M. Danziger, husband of Edith Wake Danziger. Oldfield sought to levy execution against the property both in 1927 and 1929 upon the theory that although the ostensible title was in Edith Wake Danziger by virtue of an assignment from the Wake Development Company, J. M. Danziger, his judgment debtor, was the real owner thereof. Edith Wake Danziger, after the levy of the first execution, on November 7, 1927, commenced an action to quiet title against J. M. Danziger, her husband, Barney Oldfield, as a judgment debtor of J. M. Danziger, and Wm. I. Traeger, as sheriff of Los Angeles County. Said judgment was in favor of the defendants and specifically provided that, "It is hereby ordered, adjudged, and decreed that the plaintiff, Edith Wake Danziger, is not and never was the owner of that certain note and mortgage executed by Milton Sills to the Wake Development Company in the sum of Forty Thousand Dollars ($40,000) on the 2nd day of September, 1926. That the defendant, J. M. Danziger, was at the date of the filing of the complaint herein, and now is, the owner of said note and mortgage." Judgment in this action (case No. 237,604) was entered on September 28, 1928. An appeal from said judgment was taken by Edith Wake Danziger to the Supreme Court of the state of California, but said appeal on September 16, 1929, was dismissed by the court.

In the present suit in interpleader, this former adjudication was pleaded by Oldfield as determinative of his right to levy upon said property as the property of J. M. Danziger. On the other hand, Edith Wake Danziger pleaded in this action a judgment in a prior suit to quiet title instituted by the Wake Development Company in 1926 against J. M. Danziger, Vera F. O'Leary, a judgment creditor of J. M. Danziger (not a party to this action), and Wm. I. Traeger, as sheriff. The judgment in that case was in favor of the Wake Development Company, subsequent assignor of Edith Wake Danziger, and quieted the title of said plaintiff against any and all claims of J. M. Danziger, O'Leary and

Traeger, to the real property described in the complaint, which is the property from which the present moneys and securities are derived. This judgment was entered on June 29, 1926. It is to be noted that this judgment, for some unexplained reason, was not pleaded by Edith Wake Danziger in the suit which she subsequently instituted to quiet her title to the property in controversy against J. M. Danziger, Barney Oldfield, and Wm. I. Traeger.

In this suit in interpleader the real conflict was between the claims of Edith Wake Danziger, and her assignee to the extent of $4,400 in the property, Lina Danziger, on the one hand, and Barney Oldfield, sole appellant and the other judgment creditors of J. M. Danziger, on the other side, the California Bank having deposited the property into court pursuant to an order and having been thereby relieved of all further liability with reference thereto.

Judgment was in favor of Edith Wake Danziger and Lina Danziger and against the other defendants. The judgment was predicated upon the express finding that the judgment set up by Barney Oldfield in his pleadings, entered on September 28, 1928, in the action of Edith Wake Danziger to quiet title against Barney Oldfield, J. M. Danziger and Wm. I. Traeger, "adjudicated nothing against the plaintiff therein, Edith Wake Danziger, other than a dismissal of the Case No. 237,604, and the pretended or purported finding or judgment as to the title or ownership of the property involved in said case was without the issues thereof; that no cross-complaint was filed in said case and no affirmative relief was sought therein and none could be granted under the pleadings of said case, except a dismissal", and the further finding that the judgment set up by Edith Wake Danziger in her pleadings, entered on June 29, 1926, obtained by the Wake Development Company in the suit to quiet title against Vera F. O'Leary, J. M. Danziger and Wm. I. Traeger, "is res judicata as to the parties involved in said action and their privies, as to the ownership of the property involved in said suit and the other issues determined therein". The court further found that subsequent to the date of the entry of this judgment of June 29, 1926, Edith Wake Danziger acquired "by a good and valid assignment" all the interest of the Wake Development Com-

pany in said property. The judgment which was entered herein, in effect, gave to Edith Wake Danziger all of the property involved in this suit of interpleader, with the exception of an interest to the extent of $4,400 previously assigned by her to Lina Danziger, and decreed that the writs of execution and writs of attachment levied against said property by Oldfield and the other judgment creditors of J. M. Danziger, named as defendants, be discharged. From this judgment an appeal is taken by Barney Oldfield on the judgment-roll alone.

Summarized, the situation is thus: In a suit in interpleader each of the opposing parties sets up as *res judicata* diametrically opposite judgments secured in former suits to quiet title to the property in controversy, or the property from which it is derived, each of which former suits involved the same parties, or their predecessors in interest.

Contrary to the findings of the trial court, we are of the opinion that the judgment in the suit instituted by Edith Wake Danziger against J. M. Danziger, Barney Oldfield and Wm. I. Traeger, which resulted in a judgment in favor of the defendants, relied upon by appellant as *res judicata* in the instant suit, is controlling and compels the determination in this suit in interpleader in favor of appellant, Oldfield. The finding of the trial court that the judgment set up as *res judicata* by appellant Oldfield "adjudicated nothing against the plaintiff therein, Edith Wake Danziger, other than a dismissal" is clearly erroneous. The effect of such finding would be to hold that judgment a nullity and restore the plaintiff to the same advantageous position she occupied prior to the institution of the suit to quiet title, despite the fact that the issue of her ownership of the property in controversy had been presented and tried in said action, and despite the fact that by the dismissal of the appeal therefrom there remained a valid and binding judgment that "Edith Wake Danziger is not and never was the owner of that certain note and mortgage", the property in controversy. In the recent decision of *Warden* v. *Stoll*, 210 Cal. 374, 376 [291 Pac. 835, 837], in which case a cross-complaint which had been filed, was voluntarily dismissed by the defendants and no affirmative relief was sought, the court held that, regardless of whether

or not affirmative relief was sought by defendants, a simple judgment in favor of defendants in a quiet title action "operates as an estoppel upon the plaintiff and *determines title as between the parties* and protects the defendant against any claim of the plaintiff as fully as would an affirmative decree in his favor." (Italics ours.) It being immaterial whether or not a cross-complaint was filed or affirmative relief sought, the effect of said judgment as an estoppel upon the plaintiff and as determinative of the title as between the parties arising solely from the issues presented by the plaintiff, it is not necessary that the pleadings should be presented to this court for an examination, and we are not bound by the findings of the trial court that the judgment was without the issues thereof, by virtue of the fact that the appeal is taken on the judgment-roll alone without a bill of exceptions.

 Moreover, the effect of said judgment operating as an estoppel of any claim of Edith Wake Danziger to the property involved in that suit as against any of the defendants therein named, and determining the title to said property as between herself and said defendants, forecloses Edith Wake Danziger from effectively setting up as *res judicata* the prior judgment secured by the Wake Development Company in the suit to quiet title instituted by it against defendants, Danziger, O'Leary and Traeger. The judgment relied upon by appellant is the last judgment in point of time and controls and determines the rights of the parties herein. (*Tyrrell* v. *Baldwin,* 67 Cal. 1 [6 Pac. 867]; *Semple* v. *Ware,* 42 Cal. 619; *Horse Creek Coal Land Co.* v. *Alderson,* 266 Fed. 477.) "Rights acquired by virtue of a judgment or decree are liable to be terminated in the same manner. Consequently though a matter has once been litigated to a final judgment if it is subsequently relitigated and adjudicated, the last judgment controls and determines the rights of the parties." (2 Freeman on Judgments, 5th ed., sec. 629, p. 1326.) "The rule in such cases is, that the last judgment concludes." (15 Cal. Jur., sec. 171, pp. 104, 105.)

The judgment in favor of the defendants in the case of *Edith Wake Danziger* v. *J. M. Danziger, Barney Oldfield, and Wm. I. Traeger* (case No. 237,604) is determinative

in this action of the title and ownership of the property in controversy as between the parties thereto.

Judgment is reversed.

Waste, C. J., Preston, J., Shenk, J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.