[L. A. No. 13906.   In Bank.—March 29, 1933.]

# BARNEY OLDFIELD, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Carroll Allen and A. E. McManus for Petitioner.

Peterson & Montgomery and Charles C. Montgomery for Respondents.

TYLER, J., *pro tem.*—Petition for prohibition to restrain respondent court from proceeding to try issues claimed by petitioner to have been finally determined in former proceedings.

The present petition arises out of protracted litigation between different parties to acquire possession of certain securities and funds held by the California Bank. A history of that litigation is found in *California Bank* v. *Traeger,* 215 Cal. 346 [10 Pac. (2d) 51], which was an action in interpleader to have the conflicting claims determined. For an understanding of the present petition a brief review of such

litigation is necessary. In 1926, Barney Oldfield, petitioner herein, obtained a judgment against J. M. Danziger, husband of Edith Wake Danziger. Oldfield then sought to levy execution against the funds in question, upon the claim that although the ostensible title was in Edith Wake Danziger by virtue of an assignment from a corporation known as Wake Development Company, J. M. Danziger, the judgment debtor, was the real owner thereof. Edith Wake Danziger, after the levy and on November 7, 1927, commenced an action against J. M. Danziger, her husband; Barney Oldfield, as a judgment creditor of J. M. Danziger; and Wm. I. Traeger, as sheriff of Los Angeles County, in which action she claimed title to the property under an assignment of a note and mortgage executed by Milton Sills to Wake Development Company, in the hands of the California Bank, which assignment ran from the Wake Development Company to her.

The case was tried and judgment was entered in favor of defendants, including defendant Barney Oldfield. The judgment decreed that Edith Wake Danziger was never the owner of the note and mortgage but that the same belonged to J. M. Danziger. This action was numbered 237604. An appeal from such judgment was taken by Edith Wake Danziger to this court, and afterwards dismissed, and the judgment became final.

On February 19, 1929, the California Bank, the custodian of said mortgage and money and upon which levy was made by Traeger in the cause last mentioned, filed an action in interpleader in the Superior Court of Los Angeles County against Wm. I. Traeger and others. This action was numbered 272076. The bank deposited the money and securities it held in court. The money and securities so deposited were the subject matter of case numbered 237604. The parties defendant to the interpleader action were Wm. I. Traeger, sheriff, who had levied execution upon the bank and said property upon the Oldfield judgment; also Edith Wake Danziger, who claimed all of said moneys and securities by virtue of the assignment to her from Wake Development Company, subject to a lien of Lina Danziger for $4,400. This assignment was based on the same instrument under which she claimed title in her action against Traeger, numbered 237604 above referred to, where it was adjudged that she had no

title. Other parties to the action in interpleader were Lina Danziger, who claimed under an assignment to the extent of $4,400 from Edith Wake Danziger; Barney Oldfield, petitioner herein, who claimed that the levies of the execution above referred to constituted a lien on said moneys and securities. Claim was also made by Oldfield under the action filed by Edith Wake Danziger against Traeger, sheriff, J. M. Danziger and Barney Oldfield, also above referred to as No. 237604, in which judgment it was decreed that the property in question belonged to J. M. Danziger, and that Oldfield and Traeger were entitled to judgment. In this interpleader action, No. 272076, judgment was entered on the twenty-fifth day of April, 1930.

The real controversy in said action was between the claims of Edith Wake Danziger, Lina Danziger and Barney Oldfield. In this action the Wake Development Company appeared by J. M. Danziger. It filed an answer setting up the assignment of said company to Edith Wake Danziger. This assignment was absolute and contained no reservation of title. The court found in favor of Edith Wake Danziger and against the other defendants, and held that the former judgment, No. 237604, affecting the same subject matter, adjudicated nothing against her except a dismissal. The court further held that the judgment pleaded by Oldfield in that case adjudicated nothing with respect to the moneys and securities, and that said judgment was without the issues and the levies of the sheriff under the executions be vacated and set aside. Petitioner herein, Barney Oldfield, appealed from said judgment to this court. Thereafter the judgment was reversed, this court holding that the judgment in favor of Barney Oldfield and the sheriff in the case of *Edith Wake Danziger* v. *Wm. I. Traeger et al.*, No. 237604, adjudicating that J. M. Danziger was the owner of the moneys and securities, was *res judicata* and determinative in this action and binding upon Edith Wake Danziger and Lina Danziger as to the title and ownership thereof. The Wake Development Company, which appeared in such action, had not appealed.

Upon the going down of the *remittitur* from this court, the case was set for trial. Danziger did not then appear for the Wake Development Company, but appearance was had by such company by the same attorney who represented

Edith Wake Danziger. The opinion of this court, together with the *remittitur* and judgment-roll, was presented to the trial court and attention was called to the answer of Wake Development Company, in which it was alleged that that company had assigned all its interest in the money and securities to Edith Wake Danziger. No other evidence was presented. The court thereupon decided to determine the issue of title as between petitioner and the Wake Development Company, notwithstanding the judgments in *Danziger* v. *Traeger and Oldfield*, No. 237604, and *California Bank* v. *Traeger*, No. 272076, in which cases it was held that Wake Development Company had no right or title to said property.

Petitioner claims there is nothing for the trial court to adjudicate as far as the Wake Development Company is concerned, as it had its day in court and final judgments adjudicated its rights. We are of the opinion that petitioner is correct in his contention and that he is entitled to the writ prayed for. The Wake Development Company had full opportunity to assert in the actions above referred to any and all title it may have had to the money and securities. Instead of doing so, it, by appropriate pleadings, disclaimed any right by reason of its admitted absolute assignment of all its interest to Edith Wake Danziger. Moreover, the judgments referred to are conclusive to the effect that neither Edith Wake Danziger nor Wake Development Company ever had any title to the property in question, but that the same was at all times the property of J. M. Danziger.

This court has expressly held in *California Bank* v. *Traeger, supra,* that the judgment in the suit instituted by Edith Wake Danziger to quiet title to the property concluded her rights in the money and securities. Wake Development Company had assigned to her without reservation all of its right, title and interest in the property, and it was likewise concluded by reason of this assignment. It was also concluded by final judgments determining that it had no title. A court is without jurisdiction to try issues which have become finally determined by former judgment (*Granger* v. *Superior Court*, 159 Cal. 1 [112 Pac. 854]), and a party affected thereby is entitled to a writ of prohibition, where a court is about to try such issues. (*Robson*

v. *Superior Court*, 171 Cal. 588 [154 Pac. 8].)    This being so, it is ordered that a writ of prohibition issue to respondent judge, prohibiting and restraining him from proceeding with the taking of any evidence in support of the pretended claims of the Wake Development Company.

Curtis, J., Langdon, J., Preston, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.