[Civ. Nos. 14859, 14860. Second Dist., Div. Three. Dec. 28, 1945.]

FRED H. BIXBY, JR., Plaintiff and Appellant, v. KATH-ARINE BIXBY HOTCHKIS, Respondent; JANE BIXBY, Cross-defendant and Appellant; TITLE IN-SURANCE AND TRUST COMPANY (a Corporation), Cross-defendant and Respondent.

(Two Cases.)

A. Brigham Rose for Appellants.

Sherman Anderson, Newlin, Holley, Sandmeyer & Coleman and Newlin & Ashburn, for Respondent.

Murphey & Davis for Cross-defendant and Respondent.

SHINN, J.—We have before us an appeal by Fred H. Bixby, Jr., as beneficiary of a trust in which he placed shares of the capital stock of the Bixby Company owned by him and which was to be irrevocable for 20 years from and after the date of its execution June 8, 1934, from an order of the superior court settling a supplemental report and account of Katharine Bixby Hotchkis, trustee, and allowing $1,500 as

compensation for her services as trustee, and $21,300 for legal services rendered to her as trustee.

There was no conflict in the evidence as to the nature and extent of the services nor was there opinion evidence on behalf of the trustee or of appellant herein as to the value thereof. The amounts were fixed by the court from a consideration of the evidence, which fully described and explained the services which had been rendered. The period over which the accounting was had and the services extended commenced November 25, 1941, and ended July 9, 1943, when the trust assets were transferred to a successor trustee. The supplemental report and account which were approved were filed as the final act required of the trustee by the terms of judgments which were rendered November 25, 1941, in the present actions, which were instituted by appellant herein and are numbered 458012 and 458013 in the superior court. In one of the actions he sought to recover from Katharine Bixby Hotchkis the shares of stock which he had placed in trust and, in the other, dividends on the same stock alleged to have been received by Mrs. Hotchkis. In each action Mrs. Hotchkis filed a cross-complaint, alleging the execution of the trust instrument, that the trust had not been terminated, and that she held the stock and the dividends as trustee thereunder. She also sought a determination of the claim of plaintiff herein that the trust instrument was invalid, which claim he also asserted by his answers to the cross-complaints. Mrs. Hotchkis presented to the court with her cross-complaints her resignation as trustee, asking that it be accepted and that, pursuant to the trust declaration, Title Insurance and Trust Company be appointed as her successor. She presented her accounts and asked that they be settled and approved and that she be ordered to turn over the trust estate to her successor, who, it was alleged, would not accept appointment until her accounts had been finally settled. After an extended trial, the court determined the trust to be valid and subsisting and approved the accounts. At the time the judgments were rendered in the superior court there was a third action pending and untried which had been instituted by plaintiff, numbered 463102, for conversion of plaintiff's stock, and the judgment in 458013 recited that Title Insurance and Trust Company "is willing to accept the said trust and to act as successor trustee immediately after the judgments herein and in said cause number 458012 have become final." Mr. Bixby

appealed from the judgments and they were affirmed (*Bixby* v. *Hotchkis* (1943), 58 Cal.App.2d 445 [136 P.2d 597]). A hearing was denied by the Supreme Court. The judgments provided that Mrs. Hotchkis should file a supplemental account after said judgments had become final and that upon approval of her account and transfer of the trust property to the successor trustee she should be discharged. They also provided that the assets of the trust be impressed with a lien for the amount of necessary expenses, including trustee's fees and attorney's fees, in and pertaining to the defense of said cause number 463102 and in and pertaining to the defense of the trust in the actions 458012 and 458013, the present ones, and jurisdiction was reserved for the purpose of fixing, determining and awarding Mrs. Hotchkis her proper trustee's fees, attorney's fees, and other expenses in the premises. In June, 1943, the judgments having become final, Title Insurance and Trust Company accepted appointment and the trust assets were transferred to it. It was then that Mrs. Hotchkis filed her supplemental report and account as a resigned trustee, and the order of approval was made which is now before us for review.

█ The position of appellant, as shown by his objections at the hearing, was, and it still is, that no allowance should be made to the trustee for her services or the services of her attorneys. The objections were placed upon claimed legal grounds and not upon the ground that the services were without value or of little value. There was no specific objection to any item of the report or account. In appellant's brief we find no attempt to evaluate the services for which compensation was awarded; only a protest that any compensation was allowed. Under these circumstances it will suffice to give a brief general statement of the services for which compensation was allowed. The trustee, in accordance with her duty, resisted the appeals in the District Court of Appeal and upon application for hearing in the Supreme Court. Mr. Bixby filed a petition in the Supreme Court and one in the District Court of Appeal for the recall of the remittitur of the District Court of Appeal, upon the asserted ground that the judgment of the latter court had not disposed of appeals from motions to vacate the judgments under section 663 of the Code of Civil Procedure. There was a later petition for transfer of the causes from the District Court of Appeal to the Supreme Court. These applications were resisted by counsel

for the trustee and were denied. Proceedings were had in the superior court for the disposition of cause number 463102, and it was disposed of by judgment which declared that the matters involved were res judicata. There were other matters of minor importance which required the attention of the trustee. The trust assets have a large value claimed by appellant to approximate $1,000,000; the receipts accounted for during the period amounted to more than $29,000. The amount allowed to the trustee for these services, a total of $1,500, was modest compensation. The amount allowed as compensation for services of the attorneys was reasonable in view of the evidence as to the time and effort expended. The court was fully advised in the premises and followed accepted procedure in the exercise of judgment based upon the facts in evidence as to the nature and extent of the services. (*County of Riverside* v. *Brown* (1939), 30 Cal.App.2d·747 [87 P.2d 60]; *People* v. *Thompson* (1935), 5 Cal.App.2d 668, 672 [43 P.2d 606]; *Estate of Duffill* (1922), 188 Cal. 536, 552 [206 P. 42]; *Zimmer* v. *Kilborn* (1913), 165 Cal. 523, 525 [132 P. 1026, Ann.Cas. 1914D 368]; *Spencer* v. *Collins* (1909), 156 Cal. 298, 307 [104 P. 320, 20 Ann.Cas. 49].)

A fact which is worthy of mention, for the reason that the trial judge no doubt gave consideration to it, is that the litigation was conducted in an unfortunate atmosphere of bitterness and animosity on the part of appellant toward the members of his family which placed an excessive burden of labor upon the court and counsel and resulted in an extravagant expenditure of time.

We have alluded to the fact that no specific objections were made to the items of the report or account. The efforts of appellant were and are devoted to an attempt to retry the issues which had been determined by the former judgments and which had been finally determined by the decisions of the District Court of Appeal and of the Supreme Court. Appellant's opening brief concludes with the following statement: "It is respectfully submitted that the remittiturs heretofore sued out of Division 2 of this court should be recalled, and all former judgments and orders annulled and set aside, and the entire proceedings remanded to the trial court with direction to proceed in accordance with the laws of the United States and State of California and not diametrically contrary thereto." The arguments of appellant are answered seriatim in the brief of respondents, but in final analysis the appeal,

as presented, involves no more than a consideration and proper application of the doctrine of res judicata. The contentions are stated in the opening brief as follows: "1. That appellant has never had a trial of his actions at law. 2. That the reputed cross-complaints for declaratory judgments are untenable as a matter of law. 3. The allowance of trustee's fees and attorney's fees in the proceedings heretofore had are in excess of and without jurisdiction and each and every of said decrees and judgments heretofore entered and made by the Honorable Judge Caryl M. Sheldon and the Honorable Joseph W. Vickers are null and void. [Judge Sheldon rendered the judgments of November 25, 1941; Judge Vickers made the order settling the final account, from which the instant appeal is taken.] 4. The trial court erroneously denied plaintiff his demand for a trial by jury. (As to the above specified contentions, the points and authorities heretofore referred to, as well as the authorities set forth in pages 12-29 of Exhibit 62 are submitted in support of said contentions.) 5. Appellant was the trustor and sole beneficiary of the 'trust indenture.' His 'heirs' at law had no contingent interest, but only a mere expectancy. (See authorities Exhibit 62, pp. 30-36.) 6. Where the trustor is the sole beneficiary, he may terminate the trust at any time, in spite of a provision in the trust that the trust is irrevocable. (See authorities Exhibit 62, pp. 37-39.) 7. The trust indenture is void on its face and violates the provisions of section 776 of the Civil Code. (See authorities Exhibit 62, pp. 40-44.) 8. A resigned trustee cannot burden the trust estate with trustee's fees and attorney's fees by provoking litigation for the purpose of keeping the trust estate from the possession of its trustor and sole beneficiary. (See authorities cited in Exhibit No. 62, pp. 45-49.) 9. That the decision heretofore rendered by Division 2 of this honorable court [reported in 58 Cal.App.2d p. 445 et seq.] is based upon an arbitrary assumption of facts unsupportable in the record and composed in the main of *obiter dicta* in disregard of the points, contentions and issues actually submitted to it for decision. 10. That the honorable District Court of Appeal, Division 2, has in fact arbitrarily refused to determine the two appeals submitted to it from the orders entered on the motions made pursuant to the provisos of section 663 C.C.P." (The Exhibit 62 referred to is a brief filed by appellant herein upon the former appeals wherein the same contentions were made as those relied upon here. All of them were embraced within the determinations

made upon the former appeals and the applications to the District Court of Appeal and the Supreme Court to which reference has been made.) The validity of the trust was established, as was the right of the trustee to be compensated for the services of herself and her attorney. Affirmance of the judgments necessarily gave finality to the provisions which required the trustee to file a supplemental account and adjudged her to be entitled to a lien upon the trust estate for the amount of her proper disbursements, trustee's and attorney's fees. Points numbered 9 and 10, which are the only ones not covered by appellant's briefs on the former appeals, were, as we say, determined adversely to the present contentions by the order of the District Court of Appeal refusing to recall the remittitur and by the refusal of the Supreme Court to order the remittitur recalled or to take over the case for decision. The order of the District Court of Appeal made September 23, 1943, reads as follows: "By the Court: Motions for the recall of the remittiturs, for orders vacating the decisions and for the resubmission of the appeals presented and argued by Edward M. Raskin on behalf of appellant, and by A. W. Ashburn on behalf of respondents. It appearing to the court that ground for recall of the remittiturs does not exist, that appellant has been guilty of laches, and that the judgments of this court have long since become final, the motions are denied in each cause." In the instant proceeding the court found that the matters relied upon and sought to be relitigated by plaintiff were res judicata. It was specifically found that the two appeals taken from plaintiff's motion to vacate judgment and enter another and different judgment pursuant to the provisions of section 663 of the Code of Civil Procedure were necessarily and actually decided adversely to plaintiff by the affirmance of the judgments and by the orders of the District Court of Appeal and the Supreme Court in denying motions to recall the remittiturs.

Plaintiff's arguments, except to a minor extent, are founded upon an erroneous conception of the doctrine of res judicata and of its applicability in the instant proceeding. He chooses to discuss the rule of the law of the case as if it were the only one to be considered. Upon this assumption he quotes from *England* v. *Hospital of Good Samaritan* (1939), 14 Cal.2d 791, 795 [97 P.2d 813], as follows: "The doctrine of the law of the case . . . should not be adhered to when the application of it results in a manifestly unjust

decision. . . . But a court is not absolutely precluded by the law of the case from reconsidering questions decided upon a former appeal. Procedure and not jurisdiction is involved. Where there are exceptional circumstances, a court which is looking to a just determination of the rights of the parties to the litigation and not merely to rules of practice, may and should decide the case without regard to what has gone before.'' He then cites many other cases which treat of the rule of the law of the case. In all of these cases there had been either a retrial after a reversal of an earlier judgment or after affirmance of an order granting a new trial. It would be idle to discuss the principles of the law of the case rule with respect to issues originally presented but which have not been the subject of final determination. No such issues remained in the present litigation. When the former judgments were affirmed in their entirety, the superior court had nothing to do other than to give effect to the judgments as affirmed, that is, to take such steps as might be necessary for the settlement of the final account of the trustee, to appoint a successor trustee, and to see to the transfer of the trust assets to the new trustee. The court was without jurisdiction to do anything more than this. (2 Cal.Jur., § 625, p. 1051; *Oldfield* v. *Superior Court* (1933), 217 Cal. 581 [20 P.2d 671].) If a court could retry issues which had been determined by its former judgments and which had become final, there would be no end to litigation. The record of the earlier proceedings in the instant actions in the trial court and upon appeal were before the court and they established the conclusiveness of the adjudication as to the validity of the trust and ownership of the stock, leaving open only those matters which pertained to the winding up of the trusteeship of Mrs. Hotchkis.

■ The court did not err in making an order bringing in the Title Insurance and Trust Company as a party to the proceeding for settlement of the account. No prejudice could have resulted to appellant from this procedure.

The order is affirmed.

Desmond, P. J., and Wood, J., concurred.

A petition for a rehearing was denied January 22, 1946, and appellant's petition for a hearing by the Supreme Court was denied February 21, 1946.