[Civ. No. 3619.   Fourth Dist.   Aug. 27, 1946.]

LAS VEGAS DEVELOPMENT COMPANY (a Corporation), Appellant, v. JOHN NEIGHBORS, Respondent.

Ruel Liggett for Appellant.

Benjamin Franklin Tyler for Respondent.

BARNARD, P. J.—This is an action for damages. Under a contract dated September 23, 1943, the defendant agreed to install the concrete curbs on a certain tract in Las Vegas, Nevada, upon which the plaintiff was engaged in building houses. It was provided that the work should be done under the supervision of the city engineer and according to city specifications, but nothing was said as to when it should be done. The contract was entered into at San Diego, where the defendant and the officers and managers of the plaintiff resided.

The plaintiff was to grade the streets and get them ready for installation of the curbs. It proceeded with the building of houses but delayed this preparation of the streets. Finally, in May, 1943, it notified the defendant that it was ready for his work. After taking his men from San Diego to Las Vegas he found that the streets were not ready but after a short delay some of them were made ready. He installed curbs on such streets as were ready, this work being completed about June 1, 1943, and was paid $1,250 on account. About five months later the work he had done was condemned by the city engineer, and this action followed.

The complaint alleged that these curbs were so poorly constructed that it was necessary to replace them; that the work was condemned "by the proper inspectors overseeing said work," and had to be torn out at a cost of $976; that the plaintiff was compelled to expend, for "reinstalling and rebuilding said concrete work," $1,942.60 more than the contract price therefor; and that in tearing out and replacing this work,

including the delay thus caused, the plaintiff suffered other amounts of damages.

The court found in favor of the defendant, and the plaintiff has appealed from the judgment upon a clerk's transcript and a settled statement.

It is first contended that the evidence is insufficient to support the findings to the effect that the completed portion of the work was properly performed, in accordance with the terms of the contract, and that the subsequent condemnation of this work was not chargeable to the respondent. The court found that the concrete mixture used was of the character required by the contract, and that the mixing of the materials and the installation of the curbs was done under the supervision of and approved by the city engineer. It was further found that any deterioration in the cement work, resulting in its condemnation some five months after it was installed, was due to the negligence of the appellant and not to any fault on the part of the respondent.

There was evidence that the respondent consulted the city engineer before beginning the work; that the city engineer agreed to and did assign one of his deputies to watch the work during its progress to see that it was done according to specifications; that this deputy was present each day while the work was being done; that he approved the mixture being used and expressed approval of the work; and that no objection of any kind was voiced until months later. There was also evidence that the appellant failed to put in a back-fill and do other work which it was required to do, by reason of which failure the cement work could not be kept wet until properly hardened and which caused it to be improperly exposed to the elements before it was ready; that the respondent requested the appellant to remedy this situation, which it promised but failed to do; and that trucks and other equipment were driven over this cement work, in connection with the building operations, before the necessary grading, filling and other work was done. This evidence was not contradicted, and there is no evidence that any defect in the work appeared, or that any criticism was made, until three months after the work was completed. About two months after the first criticism was voiced, and on November 3, 1943, the city engineer wrote to the appellant stating that the curbs failed to meet the specifications required in the permit but offering to allow them to remain until the paving was completed "with the understanding that if the curbs survive the con-

struction without showing signs of failure" he would approve them. However, for some reason the city engineer again wrote to the appellant on November 15, 1943, stating that the concrete in the curbs was not of sufficient strength and that they must be replaced. The evidence is sufficient to support the findings in this regard.

It is next urged that the evidence is not sufficient to support the court's finding that the respondent was justified in failing and refusing to install the curbs on the remainder of this tract and that, in any event, the appellant was entitled to the difference between the cost and the contract price for that portion of the work.

The failure to complete the rest of the contract was not pleaded, it being merely alleged in the complaint that since the work which had been done was deficient the appellant was compelled to, and did, pay another contractor a higher price "for reinstalling and rebuilding said concrete work properly." Assuming, however, that the case was tried on the theory that this element of damage was in issue it may first be observed that the appellant failed to prove certain facts which are essential for any recovery in this regard. Moreover, the evidence is sufficient to support the finding in question. No time being mentioned in the contract it was incumbent upon the appellant to get ready for and accept respondent's services within a reasonable time. Under the circumstances, where the respondent had to take his men from San Diego to Las Vegas, it cannot reasonably be held that the appellant was entitled to demand that this work be done in driblets or at such indefinite times in the future as it might suit its convenience. Not only was there an unreasonable delay after the respondent was notified in May that the appellant was ready for his work, but between that time and the middle of July the respondent insisted that the appellant get ready for the completion of the work in order to allow him to proceed with other work. This was not done but on September 1, 1943, appellant's manager, Margolis, asked the respondent to give them a release from the contract and permit them to have the remaining work done by another contractor. The respondent agreed to this and Margolis wrote out a release, which is in evidence, and which the respondent signed. This release gives the appellant permission to let the remainder of the work elsewhere "notwithstanding our contract for this work to the contrary," and provides that there will be

no obligation to the respondent "for this portion of the contract if let to another contractor." Both the respondent and Margolis testified that this release was given at the request of Margolis, and the respondent testified that at the time it was signed he did not know that there had been any disapproval of his previous work. The appellant argues that this instrument was merely an offer on respondent's part to give up his contract without further obligation to him, and that there is no evidence that this offer was accepted by the appellant. The respondent testified that this release was asked for and written by Margolis, and that after he signed it Margolis kept it. Margolis confirmed this, and further testified that he was vice president of the appellant corporation and that he was "actively managing" that corporation's affairs. Moreover, Margolis negotiated the original contract and signed it for the corporation. His authority to act for the appellant sufficiently appears, and the evidence amply supports the finding.

The judgment is affirmed.

Griffin, J., concurred.