[Civ. No. 14549. First Dist., Div. One. June 4, 1951.]

JOHN SHIMMON, Respondent, v. E. H. MOORE et al., Appellants.

William E. Ferriter and James C. Purcell for Appellants.

Louis J. Glicksberg, Melvyn C. Friendly and Guernsey Carson for Respondent.

AGEE, J. pro tem.—This is an appeal by defendants, doing business as Moore and Roberts, from a judgment of $1,964 entered against them following a jury verdict in favor of plaintiff in that amount.

Appellants, as general contractors, entered into a subcontract with respondent whereunder respondent was to do the plastering work on a theater building being constructed at Menlo Park.

Appellants had also become the general contractors for the construction of the mess hall at the Veterans' Home at Yountville. Respondent was the low bidder on the plastering work on this job, and on January 3, 1946, entered into a written subcontract to do this work.

This litigation was commenced on June 6, 1947, by the filing of suit by respondent against appellants for the balance which he claimed was due him on the Menlo Park job. Appellants answered and cross-complained for damages in the sum of $24,187 for breach of the Yountville subcontract. This was upon the theory that when the job was ready for plastering, respondent wrongfully refused to do it and appellants were required to have this done at an expense of $24,187 more than the $19,640 for which respondent had agreed to do the work. This cross-complaint was stricken on motion (Code Civ. Proc., § 442) and appellants were allowed to file a counterclaim in substantially the same terms. ██ Thereupon, respondent answered appellants' counterclaim and ''cross-complained'' for damages in the sum of $4,000 for breach by appellants of the Yountville subcontract. This is the pleading upon which respondent recovered the aforesaid verdict of $1,964. Appellants contend that there is no such pleading allowed by law as a ''Cross-complaint to Counterclaim.'' At the start of the trial it was stipulated that respondent have judgment on his complaint, which concerned only the Menlo Park job. This eliminated the complaint and answer thereto except as they are involved in the pleading point discussed herein, and in effect placed appellants in the position of plaintiffs proceeding upon the counterclaim as though it was a complaint. Counsel for appellants concurred in this and proceeded thereafter as though plaintiffs. ''MR. FERRITER [counsel for appellants] : . . . In other words, . . . in so far as positions, then, of the respective parties, . . . Moore & Roberts [appellants], on the counterclaim, become the moving party, and the plaintiff is relegated to defendant's position. THE COURT: Very good. MR. GLICKSBERG [counsel for respondent] : And in that light, we have agreed that Mr. Ferriter will make the opening statement. MR. FERRITER: Yes.'' This order of procedure remained unchanged throughout. At the end of the case, appellants' counsel opened and closed the oral arguments to the jury.

██ The answer to appellants' pleading point is that it is not the appellation given to a pleading but its allegations which determine its legal effect. It matters not what name

be given to a pleading. (*Terry Trading Corp.* v. *Barsky,* 210 Cal. 428, 438 [292 P. 474].) ''The subject matter of an action and the issues involved are determinable from the facts alleged rather than from the title of the pleading . . . Moreover, the matter of pleading becomes unimportant when a case is fairly tried upon the merits and under circumstances which indicate that nothing in the pleadings misled the unsuccessful litigant to his injury.'' (*Buxbom* v. *Smith,* 23 Cal.2d 535, 542-543 [145 P.2d 305].) Here, the appellants at their own suggestion assumed the position of plaintiffs with their counterclaim in effect a complaint. The respondent's ''Answer and Cross-Complaint to Defendants' Counter Claim'' became in effect ''Answer and Cross-Complaint to Complaint'' and the ''Defendants' Answer to Plaintiff's Cross Complaint to Defendants' Counter-Claim'' became in effect ''Answer to Cross-Complaint.''

By its verdict for respondent, the jury impliedly found that respondent had not breached his contract but that appellants had. The express finding is that respondent had been damaged thereby in the sum of $1,964 as and for loss of profits which otherwise would have been made by respondent.

Appellants argue that the evidence is insufficient to justify the verdict. The facts are amply sufficient. Appellants' general contract with the State of California called for the work to begin within 15 days of December 17, 1945, and called for completion within 275 working days. The testimony shows that this would comprise 55 calendar weeks. Respondent's subcontract was executed on January 3, 1946, and expressly incorporated the general contract therein. Respondent was to begin work when notified to do so by appellants. No time was specified as to when respondent was to be called upon to perform. A reasonable time is therefore read into the contract by the law. (Civ. Code, § 1657.) What is a reasonable time is a question of fact to be determined from the nature of the contract and the circumstances. (*Singh* v. *Cross,* 60 Cal.App. 309, 315 [212 P. 946] ; *Ottney* v. *Finnie,* 5 Cal.App.2d 356, 362-363 [42 P.2d 714].) Plastering on a building of the type involved commences when the building is 50 per cent to 60 per cent completed. This would mean that respondent could expect to commence his work about 27 to 33 calendar weeks after January 1, 1946, which would be some time in July or August, 1946. Costs of labor and materials were rising. Although this factor would in no way

excuse performance by respondent it was certainly pertinent for him to show how and why he was being damaged by the delay of appellants in getting the job ready for plastering. Respondent cannot and does not contend that the rise in costs gave him any ground for nonperformance. Impossibility of performance is not involved and the jury were in effect so instructed.

On November 15, 1946, appellants advised respondent by letter as follows: "... we request your presence on subject job 15 December, 1946. Your work is *scheduled* to start on this date ..." (Emphasis ours.) On December 9, 1946, appellants requested respondent to put a lather on the job. Respondent immediately visited the job and found that it was not ready for plastering. In fact, they were just then pouring the concrete walls and the roof was not up. It cannot be contended that appellants could demand that respondent perform his work piecemeal. (*Las Vegas Development Co.* v. *Neighbors,* 75 Cal.App.2d 842 [171 P.2d 962].) In his pleadings and testimony respondent stated that he was "at all times ready, able and willing to perform said plastering work up to and including the month of February, 1947." Finally, on March 18, 1947, respondent caused one more inspection to be made of the premises and had numerous photographs taken of the conditions then existing. Detailed testimony was given as to why the job was not then ready for plastering.

On March 24, 1947, appellants telegraphed respondent to proceed. Respondent's counsel replied to this by letter, stating that the delay in preparing the job for plastering had been unreasonable and that respondent would not proceed but would demand the profits lost by him by reason of not having been able to proceed within a reasonable time.

The transcript is voluminous but the foregoing should indicate that there was ample evidence to justify the jury's implied finding that a reasonable time for performance by respondent had expired by at least March 24, 1947, and that respondent was therefore justified in refusing to perform.

No direct attack is made upon the amount of the award of $1,964 in favor of respondent. Respondent's testimony as to lost profits would justify an award of double this amount. Appellants simply argue that they were entitled to damages against respondent and that, *ipso facto,* respondent was not entitled to any damages at all against them.

 Appellants call attention to certain evidence as being violative of the parol evidence rule. First, respondent testi-

fied as to when appellants' head estimator said the job would be ready for plastering. This was before respondent had put in his bid. Secondly, respondent testified that, in December, 1946, appellants' superintendent told him that the job was not yet ready. Thirdly, respondent testified that one of the appellants told him to go to the State of California and ask for more money "because everybody knew that things had gone up." This latter part was stricken out on motion. Lastly, respondent was permitted to testify concerning what it would cost him to do the job at a time when one of the appellants said he would get the job ready for respondent. All that appellants do in their brief with regard to the foregoing is to quote the testimony and say that parol evidence is not admissible to alter or vary the terms of a written instrument. If we interpret their contention correctly, it is that the testimony complained of attempts to fix the time for respondent's performance contrary to the terms of the agreement. However, the agreement did not fix the time and appellants themselves admit that, "Where the contract does not fix the time of performance, a reasonable time is allowed and that provision of law is deemed written into the contract." If no time is specified for the performance of an act, a reasonable time is allowed. (Civ. Code, § 1657.) A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates. (Civ. Code, § 1647). ▇ Where parol evidence explains and does not vary the written contract, it may be admitted. (*White* v. *Ardzrooni,* 71 Cal.App. 393 [235 P. 461].) ▇ Where parol evidence is consistent with and not contrary to the written instrument, it may be admitted. (*Lindsay* v. *Mack,* 5 Cal.App.2d 491, 496 [43 P.2d 350].) ▇ Any possible error was cured by the foregoing instruction (XXXVI) : "You are instructed that no stipulation, promise, agreement or warranty alleged to have been made by the plaintiffs, Moore & Roberts, to the defendant, Shimmon, can be considered by you in determining the issues in this case unless such warranty, stipulation or agreement was itself in writing because it is the law of this state that a written agreement may not be changed, altered, modified, detracted from or added to in any particular whatsoever except by another instrument in writing."

▇ Lastly, appellants complain of the failure to give certain proposed instructions, 14 in number. All of these

were covered by other instructions given. They were so marked by the trial judge. An examination of the record demonstrates that this determination of the trial court was correct.

The case was fairly tried and the jury fully and correctly instructed. The evidence amply sustains the verdict and no errors of law occur. Judgment affirmed.

Peters, P. J., and Bray, J., concurred.