[Civ. No. 17185. First Dist., Div. Two. Apr. 18, 1957.]

DOROTHY D. TALIAFERRO, Respondent, v. EUGENE A.
TALIAFERRO, Appellant.

E. A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs for Respondent.

DOOLING, J.—This is an appeal from an order setting
aside a final decree of divorce.

Appellant and respondent were married in 1927. On July
7, 1932, respondent secured an interlocutory decree of divorce
from appellant in an action filed in the City and County of
San Francisco (hereinafter called the San Francisco action).
No final decree was entered in this action until December
20, 1954, when appellant without notice to respondent filed
the necessary affidavit to secure the entry of a final decree
of divorce upon the interlocutory decree of July 7, 1932, and
a final decree of divorce was entered thereon *nunc pro tunc* as
of July 8, 1933. Thereafter respondent moved to set this final
decree aside and the court granted her motion. It is from this
order that the appeal is taken.

In the meantime on September 7, 1943, respondent had
filed a second action for divorce against appellant in Contra
Costa County (hereinafter called the Contra Costa action).
Appellant and respondent just prior to the filing of this action
entered into a property settlement agreement. An interlocu-
tory decree was granted to respondent in this action and there-

after a final decree of divorce was entered therein in January 1945.

While appellant presents several points for reversal of the order setting aside the final decree in the San Francisco action he is in no position to urge them in the face of the final decree of divorce in the Contra Costa action. When a final decree of divorce was entered in the Contra Costa action it became a binding adjudication of the rights of the parties. That judgment superseded the interlocutory decree of divorce in the San Francisco action under the settled rule that where the same cause of action has been twice litigated by the parties the later judgment is conclusive. (*Standard Oil Co.* v. *J. P. Mills Organization,* 3 Cal.2d 128, 139 [43 P.2d 797] ; *Wood* v. *Pendola,* 1 Cal.2d 435, 439 [35 P.2d 526] ; *California Bank* v. *Traeger,* 215 Cal. 346, 351 [10 P.2d 51] ; *Perkins* v. *Benguet Consol. Min. Co.,* 55 Cal.App.2d 720, 744 [132 P.2d 70], cert. den. 319 U.S. 774 [63 S.Ct. 1435, 87 L.Ed. 1721].)

When the existence of the final judgment in the Contra Costa action was called to the attention of the San Francisco Superior Court for the first time on the motion to set aside the final decree procured by appellant in the San Francisco action the court properly entered the order here appealed from since the rights of the parties had been adjudicated by the final decree in the Contra Costa action, and the interlocutory decree in the San Francisco action had thereby been rendered *functus officio.*

Order affirmed.

Kaufman, P. J., and Draper, J., concurred.