[Civ. No. 19214. First Dist., Div. Two. Feb. 23, 1961.]

EUGENE A. TALIAFERRO, Appellant, v. DAVI GIRO-
LONI et al., Defendants; DOROTHY DAVIS, Re-
spondent.

Eugene A. Taliaferro, in pro. per., for Appellant.

Frisbie & Hoogs for Respondent.

STONE, J. pro tem.*—This is an appeal from an adverse judgment in an action in which appellant attempted to quiet title to certain real property against any claim or interest of respondent, his former wife.

In 1932, the wife secured an interlocutory decree of divorce in the San Francisco superior court. No final was entered and apparently the wife abandoned the action. Eleven years later, she commenced a second divorce action in Contra Costa County. The parties entered into a property settlement agreement and interlocutory and final decrees were thereafter entered, the final in January, 1945. Nearly 10 years after that, December 20, 1954, appellant without notice to respondent had a final decree entered *nunc pro tunc* as of July 8, 1933 in the San Francisco action.

In her complaint in the San Francisco action of 1932, respondent wife had alleged that there was no community property. In the present quiet title action, respondent wife answered by alleging a claim and an interest in the property described in the complaint and affirmatively alleged the 1943 property settlement agreement executed in connection with the Contra Costa County divorce of 1945. Appellant filed a motion for judgment on the pleadings upon the ground that the 1932 complaint alleging an absence of community property precluded respondent from now claiming a community interest in any of his property. This motion disregarded the 1943 property settlement agreement. The trial court properly denied the motion since this court in *Taliaferro* v. *Taliaferro*, 150 Cal.App.2d 230 [309 P.2d 839], declared the 1933 San Francisco *nunc pro tunc* order invalid, holding that it had been superseded by the Contra Costa County final decree of

*Assigned by Chairman of Judicial Council.

January, 1945 and further that the Contra Costa decree is conclusive.

Appellant also moved for judgment on the pleadings, contending that respondent in her answer failed to set forth the property settlement agreement *in haec verba* or to incorporate it by attaching a copy as an exhibit. However, before the motion was heard appellant filed a second motion for judgment on the pleadings contending that the agreement referred to by respondent in her answer reflected that she had no interest in the property described in his complaint. In support of this motion, appellant attached to his motion a copy of the agreement as an exhibit. Thus appellant placed before the court the agreement which he had contended in his prior motion to be improperly pleaded. Appellant thereby nullified his first motion and cured any defect in respondent's method of pleading the agreement. The two motions concerning the effect of the agreement were heard at the same session of court. The first was quite properly denied, having been vitiated by appellant's own subsequent motion. The second motion was also properly denied as the property settlement agreement reflects that the parties owned community real property at the time of their Contra Costa County divorce. The nature and extent of the real property to which reference is made is not enumerated, so from the document it cannot be determined whether either party did or did not have an interest in the property described in the complaint. Evidence being required to determine the nature and extent of the property interests of the parties under the agreement, the motion for judgment on the pleadings had to be denied.

The vagueness of the agreement requiring the aid of extrinsic evidence for its interpretation disposes of appellant's argument that the trial court violated the parol evidence rule during the trial. The document recites that the parties owned community real property at the time of its execution and further that the proceeds from the sale of the same should be divided equally, yet the nature and extent of the property is not specified. The court had no alternative but to receive evidence *aliunde* (18 Cal.Jur.2d 739; *Shimmon* v. *Moore,* 104 Cal.App.2d 554, 559 [232 P.2d 22]). We have no way of reviewing the evidence relating to the agreement to which appellant takes exception since he has appealed on the judgment roll alone.

The judgment is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.